## FABACHER et al. v. UNITED STATES.

Circuit Court of Appeals, Fifth Circuit. July 19, 1927.

No. 4855.

**1. Criminal law ⟨⟩369(1)—The general rule is that evidence that accused committed another and unrelated crime is irrelevant and inadmissible.**

Subject to certain exceptions, the general rule is that, on prosecution for a particular crime, evidence that accused committed another crime wholly independent of that charged, even though it is a crime of the same sort, is irrelevant and inadmissible.

**2. Criminal law ⟨⟩369(1)—Evidence that defendant had been charged with another crime held inadmissible.**

Evidence that a defendant had been charged with commission of another crime is not admissible against him.

**3. Criminal law ⟨⟩374—Uncertain evidence of unrelated offense is inadmissible.**

Evidence of a vague and uncertain character regarding commission by defendant of another unrelated offense is never admissible.

**4. Criminal law ⟨⟩1169(11)—Admission of evidence of commission of other offenses and charges of the same held prejudicial error.**

Admission of evidence that one of two defendants, charged with conspiracy to violate the National Motor Vehicle Theft Act (Comp. St. §§ 10418b–10418f), had violated the Prohibition Act, and that he had been arrested for another violation, but discharged, and that the other defendant had a year and a half before surrendered a stolen car, but not showing that he knew it had been stolen, *held* error, and under the charge of the court submitting such evidence to the jury prejudicial.

In Error to the District Court of the United States for the Eastern District of Louisiana; Louis H. Burns, Judge.

Criminal prosecution by the United States against A. J. Fabacher and Herbert Fink. Judgment of conviction and defendants bring error. Reversed and remanded for new trial.

Chandler C. Luzenberg, Charles A. Byrne, and Fred A. Middleton, all of New Orleans, La., for plaintiffs in error.

Wayne G. Borah, U. S. Atty., and Edmond E. Talbot, Asst. U. S. Atty., both of New Orleans, La.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

WALKER, Circuit Judge. The plaintiffs in error, A. J. Fabacher and Herbert Fink, were convicted under an indictment charging them, Yewell Shields, and three other persons with conspiring in the year 1925 to violate the National Motor Vehicle Theft Act (41 Stat. 324 [Comp. St. §§ 10418b–

10418f]), by transporting and causing to be transported in interstate commerce from the state of Texas into the state of Louisiana motor vehicles known to have been stolen, and buying, receiving, and concealing motor vehicles, moving as a part of and constituting interstate commerce, knowing the same to have been stolen. Yewell Shields pleaded guilty, and his testimony as a witness for the government was relied on to support the charges against the other accused.

The testimony of Shields included admissions that he had been convicted in Texas of stealing automobiles, and that he forged the name of another person to whom an automobile license receipt was issued, and which was stolen by the witness. He testified to the effect that on January 1, 1926, at 213 Rampart street, New Orleans, La., he sold to A. J. Fabacher for $180 in money and half a case of whisky a Ford coupé stolen by the witness in Texas; the car having been stolen in Texas and brought to New Orleans for Fabacher pursuant to an arrangement between the latter and another one of the accused, and that in the latter part of January, 1926, he sold to Herbert Fink, at Gretna, La., another Ford coupé which witness informed Fink had been stolen in Texas. Fabacher, as a witness in his own behalf, after denying that he had made any such purchase as that testified to by Shields, and that that garage was operated by him as a blind to buy stolen cars and to sell liquor, in reply to a question of his counsel, stated that he had sold liquor. On his cross-examination, over objections of his counsel, he was required to answer questions as to prohibition agents finding a large quantity of liquor at the garage of witness at Nos. 509 and 511 Dryades street, New Orleans, in a raid made on December 20, 1924, as to the presence of witness at that time and place, as to his arrest then and there, and as to his giving a fictitious name when he was brought before the commissioner. The answers of the witness to such questions were to the effect that he had no connection with the transactions inquired about.

After the testimony for the defense was closed, the government, over objections of the accused, was permitted to introduce testimony of two prohibition agents to the effect that the accused A. J. Fabacher was arrested at 509–511 Dryades street on December 20, 1920; that when he was arrested he stated that his name was Jacob Broderick, and when he was taken before the commissioner he gave the name of Jacob Fabacher, signed a bond in that name, and was then charged with violating the liquor law, but was afterwards released. This testimony was contradicted by A. J. Fabacher upon his again taking the stand, and by testimony of other witnesses to the effect that the person arrested on the occasion of the raid of the garage at 509–511 Dryades street was not the accused A. J. Fabacher, but his brother, Jacob Fabacher. On the cross-examination of Herbert Fink, over objections of his counsel, he was required to answer questions as to his surrendering on demand, to a named agent of the Department of Justice, more than a year and a half before the date of the transaction with him testified to by Shields, a Buick car which had been stolen. Fabacher excepted to the following part of the court's charge to the jury:

"As men of judgment you should know it is natural, when a man turns state's evidence, he is bound to be attacked by those against whom his evidence is given. You must consider all the circumstances surrounding that witness; so, too, must you consider the circumstances surrounding the others. It seems a case of the 'pot calling the kettle black' in this particular connection.

"One man admits gambling, and another admits violating a half dozen laws, and another admits he is engaged in the business of violating the law, running whisky between states; another admits he did it on some occasions. There are a number of circumstances to be considered there. In other words, you are to consider all or each of them with reference to the other, and resolve from all the circumstances which you believe and which not."

[1, 2] Subject to certain exceptions, the general rule is that, on a prosecution for a particular crime, evidence that the accused committed another crime wholly independent of that for which he is on trial, even though it is a crime of the same sort, is irrelevant and inadmissible, because such evidence does not tend to prove the commission by the accused of the particular crime charged. Boyd v. United States, 142 U. S. 450, 12 S. Ct. 292, 35 L. Ed. 1077; Paris v. United States (C. C. A.) 260 F. 529; Thompson v. United States (C. C. A.) 283 F. 895; People v. Grutz, 212 N. Y. 72, 105 N. E. 843, L. R. A. 1915D, 229, Ann. Cas. 1915D, 167; 16 Corpus Juris, 586. Another rule is that evidence that the accused had been charged with the commission of another crime is not admissible against him. Coyne v. United States (C. C. A.) 246 F. 120.

With reference to the exceptions to the first-mentioned rule, it is not necessary to say more than that evidence that Fabacher had

engaged in, or had been the subject of an abandoned charge of engaging in, violations of liquor laws, having no connection with the alleged conspiracy for which he was on trial, was not admissible under any of those exceptions, as such evidence was incapable of furnishing any support for the charge that Fabacher conspired to violate the National Motor Vehicle Theft Act, or of throwing any light on the questions raised by that charge. The above-mentioned evidence as to Fink having surrendered on demand a Buick car, which had been stolen, did not indicate that that incident ever gave rise to a criminal charge against him, or that, when he bought or acquired that car, he knew or had reasonable cause to believe that it had been stolen. It is essential to the admissibility of evidence of another distinct offense that the proof of the latter offense be plain, clear, and conclusive.

[3] Evidence of a vague and uncertain character regarding such an alleged offense is never admissible. Paris v. United States, supra. It follows that evidence as to an incident which falls short of showing or indicating that it involved criminality, but which, in connection with other evidence against the accused, may give rise to a suspicion that he was criminally guilty in the independent transaction testified about, is not admissible against him.

[4] The above set out part of the court's charge to the jury negatives the conclusion that the admission of the evidence under consideration was without prejudicial effect as to Fabacher and Fink. The jury well may have inferred that the presiding judge had that evidence in mind when he used the expression: "It seems a case of 'the pot calling the kettle black' in this particular connection." The evidence of Fabacher's connection with a flagrant liquor law violation, and of Fink's surrender of possession of a car which had been stolen, was submitted to the jury for their consideration. It well may be that that evidence was influential in inducing the jury to accept as true the incriminating evidence given by a confessed thief and forger. Obviously the evidence in question had the effect of disclosing the accused to the jury in a very unfavorable light, of impairing the credibility of their testimony, and of making incriminating testimony against them of a confessed depraved criminal more easily believable. We conclude that it was not admissible, and that the record fails to show that the admission of it was nonprejudicial.

Because of the errors in the above-mentioned rulings, the judgment is reversed, and the cause is remanded, with direction that a new trial be granted.

Reversed.