## UNITED STATES v. WETHERBEE.

No. 274, Docket 21348.

United States Court of Appeals Second Circuit.

Argued June 10, 1949.

Decided June 22, 1949.

Before L. HAND, Chief Judge, and CLARK and FRANK, Circuit Judges.

Briefs submitted for Edward S. Wetherbee, appellant pro se.

Clarke S. Ryan, Asst. U. S. Atty., of New York City (John F. X. McGohey, U. S. Atty., and Bruno Schachner, Asst. U. S. Atty., both of New York City, on the brief), for appellee.

CLARK, Circuit Judge.

This is a motion in the nature of an application for a writ of error coram nobis, 28 U.S.C.A. § 2255, for the vacation of a judgment of conviction and sentence, entered on February 9, 1948, after jury trial and verdict for the unlawful transportation of stolen motor vehicles in interstate commerce, knowing them to have been stolen. 18 U.S.C.A. § 408, now §§ 2311–2313. The application is sought on the allegation that the Assistant United States Attorney in charge of the prosecution secured defendant's conviction by the use of perjured testimony, knowing it to be perjured. Defendant is presently confined in the federal penitentiary at Atlanta, Georgia, but has been allowed to prosecute his motion and appeal in forma pauperis. His motions also prayed for the issuance of certain subpoenas and a writ of habeas corpus ad testificandum. The trial judge denied all the applications, saying, "These motions are devoid of merit on the face of the papers." We agree; and since the subordinate motions fall with the main one, we shall direct our attention to that.

The defendant was tried with three co-defendants, all of whom were found guilty. Defendant received a sentence of four years and took no appeal. The asserted false testimony is that of Fred Dumas, an admitted accomplice of the defendants who testified for the government. The proof is asserted to be found by a comparison of the transcript of his testimony below with a transcript of his colloquy with the judge

of a New York State court where he pleaded guilty to a charge of grand larceny based on the same theft of automobiles. Unfortunately for defendant's case the transcripts demonstrate its lack of merit.

Dumas was employed in a garage in New York City. His testimony was that by prearrangement he pretended to be overcome by the defendants, who bound him and then drove three automobiles from the garage. He testified that one of the defendants, Sullivan, brandished a gun at the time of the theft. This he had not stated in the state court; while he had outlined the crime in answer to the judge's questions, he did not state that Sullivan had a gun. This is assumed to demonstrate the defect in the conviction. He never identified Wetherbee, however, or placed him at the scene of this crime. Other evidence connected the latter with the sale of the cars in Mexico.

It is obvious that there is no inconsistency and hence no demonstration of perjury in the statements of Dumas to the state judge and his testimony at the trial below. In the former he was merely answering the questions—not under oath—and there was no necessary reason or occasion or opportunity for full elaboration of the point. He was describing his own part in the concerted action to steal the cars, and was not then called upon to give details as to the others. Moreover, there is no materiality to the point in any event. Since his testimony was that the holdup was only a sham, it could hardly have affected the jury that as a part of the sham violence one of the defendants flourished a revolver. If the jury believed Dumas at all, they believed that all the violence was prearranged and hence that at most the revolver was only a stage property never to be actually used.

Something is made of the fact that at the trial Dumas' best recollection was that he told not only the police, but also the state judge, of the gun, though actually this was not so, at least as to the latter. But this demonstrates how thoroughly the point was explored at the trial. Dumas was cross-examined at length and successively upon this very issue (among others) by counsel for defendant, who appears to have been experienced and alert. The jurors heard all this and were entitled to make their judgment upon it. Needless to say this does not implicate the Assistant United States Attorney in the slightest, and we do not need his categorical denials to absolve him of the charge made against him.

Affirmed.