**UNITED STATES of America,**
Appellee,

v.

**James W. MILLER, Defendant-Appellant.**

**No. 307, Docket 24457.**

United States Court of Appeals
Second Circuit.

Petition Filed July 24, 1957.

Decided Oct. 1, 1957.

Writ of Certiorari Denied Dec. 16, 1957.

See 78 S.Ct. 332.

N. Le Van Haver, Kingston, N. Y., for appellant.

Paul W. Williams, U. S. Atty., New York City, for appellee, Adelbert C. Matthews, Jr., Asst. U. S. Atty., New York City, of counsel.

Before CLARK, Chief Judge, and SWAN and POPE, Circuit Judges.

PER CURIAM.

After our decision of affirmance on July 10, 1957, the appellant filed a timely petition for rehearing raising new issues based on Jencks v. United States, 353 U.S. 657, 77 S.Ct. 1007, 1 L.Ed.2d 1103, a decision rendered subsequent to the argument of Miller's appeal. The Government having been allowed to answer the petition and the petitioner to file a reply, which he did on September 10th, the matter is ready for determination.

The petitioner contends that he is entitled to a new trial because the trial procedure was not in accord with the rule subsequently announced in the Jencks case. An important witness for the prosecution was Irving Mishel. At defense counsel's request two statements made by Mishel and in the possession of the Government were examined by Judge Walsh pursuant to the rule of United States v. Krulewitch, 2 Cir., 145 F.2d 76, 156 A.L.R. 337 to determine whether counsel was entitled to use them in cross-examination. One of the statements, dated February 28, 1955, was turned over to counsel, but use of the other statement, made in 1953, was denied, because Judge Walsh found that it contained nothing materially inconsistent with Mishel's testimony and did contain matter "unrelated to this case." The statement was marked "Court's Exhibit 3," placed in a sealed envelope and filed with the Clerk of the Court. By stipulation between appellant and appellee dated De-

cember 18, 1956 this exhibit was excluded from the record on appeal.

■ 1. The petition for rehearing complains that the 1955 statement was not made available to the defense until after the cross-examination of Mishel had been concluded and the prosecution had closed its case. The record does not bear this out. Counsel got the statement on the morning of October 24th. This was after Mishel had left the stand but long before the Government rested on the afternoon of October 25th. When the Government rested, defense counsel moved for judgment of acquittal and during the argument asked for leave to put Mishel's 1955 statement in evidence or to recall him for cross-examination about it. This request was denied. The petitioner claims that such denial is contrary to the law established by the Jencks case. The Government contends that the only issue presented is whether Judge Walsh's refusal to recall Mishel was an abuse of discretion and that the Jencks case has nothing to do with this issue. We think the Government is right. The statement, which does not appear in the record on appeal, is a short one, according to the government's answer to the petition for rehearing, consisting of only four handwritten pages. Defense counsel received it on the morning of October 24th and the Government did not rest until the afternoon of October 25th. During this interval there would appear to have been ample time for counsel to examine the statement and make his motion to recall Mishel for further cross-examination before the Government rested. We see no abuse of discretion in denying the motion. It was made too late.

■ 2. With respect to the 1953 statement the petitioner complains that under the Jencks decision he was entitled to have the statement delivered to defense counsel, despite Judge Walsh's determination that it contained nothing materially inconsistent with Mishel's testimony. This is true. But if the case is remanded for a new trial, the procedure will be governed by the recent amendment to Chapter 223 of Title 18 of the United States Code. Concededly the statement contains some matter not related to the subject matter of Mishel's testimony. Hence subdivision (c) of the new statute, 18 U.S.C. § 3486(c), will apply, and it will be the duty of the trial judge to "excise the portions of such statement which do not relate to the subject matter of the testimony of the witness," and "With such material excised, the court shall then direct delivery of the statement to the defendant for his use." We shall assume that Judge Walsh's failure to follow such procedure was an error but we cannot determine whether or not it was a prejudicial error because the exhibit has by stipulation been excluded from the record on appeal. Since we cannot know that failure to deliver the statement, properly excised, was prejudicial to the defendant, we do not think a new trial should be ordered.

■ 3. Two Special Agents of the United States testified as witnesses for the prosecution. Agent Sweeney testified to the existence of a report prepared by Agent Sershen in October 1950. Pursuant to request, this report, marked "Defendant's Exhibit B" for identification, was given to defense counsel. The following morning counsel informed the court that he had no further questions to ask Agent Sweeney. During cross-examination of Agent Sershen, he testified that in October 1950 his office received a letter from the Treasury Department and that "* * * that there was a request made in that letter for an additional report from me concerning the negotiation of the bonds and the part that Mishel and Mr. Miller played. And I submitted a report in answer to that letter." This report of October 1950 was apparently assumed by defense counsel to be the report already delivered to him as Defendant's Exhibit B for identification, since at no time during Agent Sershen's direct or cross-examination did counsel ask for the production of any statements or reports, nor question him about Exhibit B. However, it is now contended that the word "additional" in

Sershen's above-quoted testimony indicates that he made a prior report which should also have been delivered to defense counsel under the Jencks case ruling. We think the contention unsound. While the word "additional" may justify an inference that Sershen had made a prior report, such prior report may have been oral, and, if it be assumed to have been a written report, there is nothing to indicate that it related to interviews with Miller or Mishel. Sershen was never questioned about a prior report. Under the Jencks case the defense must lay a preliminary foundation that a statement or report is in existence and relates to the subject matter of the testimony of the witness. We do not think such preliminary foundation was laid with respect to a prior report by Sershen.

4. The petition for rehearing is denied but petitioner's alternative request for a stay pending application for certiorari is granted pursuant to Rule 28(c) (2) of this Court.