**UNITED STATES of America,**
**Appellee,**

v.

**Morris Joseph KESSLER, Defendant-**
**Appellant.**

**No. 204, Docket 24824.**

United States Court of Appeals
Second Circuit.

Argued Feb. 14, 1958.
Decided March 13, 1958.

Joseph Panzer, New York City (Edward Halle, New York City, of counsel), for defendant-appellant.

Cornelius W. Wickersham, Jr., U. S. Atty., Eastern District of New York, Brooklyn, N. Y. (Peter E. DeBlasio, Asst. U. S. Atty., Eastern District of New York, Brooklyn, N. Y., of counsel), for appellee.

Before HINCKS and LUMBARD, Circuit Judges, and GALSTON, District Judge.

PER CURIAM.

Appellant appeals from a judgment of conviction entered July 9, 1957, in the District Court for the Eastern District of New York (Bruchhausen, J.), after a trial without a jury.

The indictment contained two counts, the first charges appellant Kessler, together with Kinsella, Castellitto and Torta, with transporting across State lines aluminum valued at more than $5,000, knowing the same to have been stolen (Title 18 U.S.C. Secs. 2 and 2314), and the second charges the same defendants with conspiracy to transport stolen merchandise in interstate commerce of a value of more than $5,000 (Title 18 U.S. C. Sec. 371).

Kinsella pleaded guilty to both counts; Castellitto pleaded guilty to Count 2, and defendants Torta and Kessler were tried together and both found guilty on both counts.

In February 1956, Kinsella met Castellitto in a parking lot next to the Reliable Warehouse Company in Newark, New Jersey, and planned to steal aluminum. The first theft occurred in early March 1956, when Castellitto drove to the Reliable Warehouse in a car followed by Torta in a truck. Kinsella worked at the Reliable Warehouse. Kinsella, Castellitto and Torta then loaded the aluminum from that warehouse on the truck, and a few days later Castellit-

to gave Kinsella $550.00 as his share of the theft. Later Kessler joined the conspiracy, and was bound by it. United States v. Sansone, 2 Cir., 231 F.2d 887.

On April 11, 1956, Kinsella telephoned Castellitto that he had another load of aluminum. Kessler hired a trucker named Coles to pick up the load in the Reliable Warehouse and to take it to Brooklyn. Kessler told Coles that Torta, who was present, should acompany him. Then later, Castellitto telephoned Kinsella that the truck was on its way. When the truck arrived at the Newark warehouse, Kinsella and Torta loaded eight skids of aluminum on the truck. Kinsella told Torta to cut off the labels, and Torta did in fact cut off many of them from the skids.

After the eight skids of aluminum had been loaded, Coles and Torta drove back to the truck terminal in Jersey City where Torta told Coles they should park for the night and be ready to meet Torta's boss in the morning in Brooklyn.

The following day, April 12th, Coles and Torta met at the truck terminal and drove the truck to the Brooklyn Steel Warehouse in Brooklyn, where they met Kessler. Coles asked Kessler for the name to be put down in the Brooklyn Steel Warehouse as the owner of the aluminum, and was informed by Kessler to put down the name *Ding Do Steel Company*. Ding Do Steel Company was one of Kessler's corporations or companies. Thereafter Kessler, through an intermediary, sold the aluminum to one Ackerman for $5,659, and thereafter Castellitto gave Kinsella $1,400 as his share.

When Kessler was arrested by FBI Agent Kelly, he denied knowing anything about the aluminum in the Brooklyn Steel Warehouse. A piece of paper with Torta's telephone number was found on Kessler.

Thus there was presented substantial evidence beyond reasonable doubt of appellant's guilt. Nor is there any doubt that Kessler was part of the conspiracy. He knew that skids were to be called for

in New Jersey and transported to Brooklyn; he knew also that the goods had been so transported and that they were stolen goods.

■ Appellant claims that there was no positive identification of the aluminum in the Brooklyn warehouse as that stolen from the Reliable Warehouse. However, the proof on this issue was well established. Kinsella testified for the Government and told how he loaded the aluminum on the truck assisted by Torta on April 11th. Coles, the driver of the truck, testified that he delivered the aluminum the next day to the Brooklyn Steel Warehouse in the presence of the appellant Kessler, and that at Kessler's direction he entered the aluminum as belonging to Ding Do Steel Company (appellant's company).

■ Appellant also claims that there was no substantial evidence that he knew the aluminum was stolen. This was also well proved. There were no documents of title when the aluminum was obtained from the Reliable Warehouse. Kessler sold the aluminum at a price considerably less than the market value, indicating his knowledge that the transaction was illegal. In addition, Kessler's statement to the FBI agent that he knew nothing about the aluminum in the Brooklyn Steel Warehouse shows again his guilty knowledge. Appellant claims further that there was no showing that the aluminum was worth more than $5,000. However, the sale by appellant of the said aluminum for over $5,000 and the testimony of the witness Robbins, showed that the aluminum was worth more than $5,000.

■ Objection is made by appellant to the fact that the witness Robbins was allowed to testify concerning certain records, which records were not produced. On this issue the court stated in its verdict that it found it unnecessary to consider this evidence. Since the trial court did not consider this evidence, the appellant was not prejudiced.

■ Finally, appellant raises the issue that it was reversible error for the court to deny him inspection of records of Government witnesses in accordance with the decision of Jencks v. United States, 353 U.S. 657, 77 S.Ct. 1007, 1 L.Ed.2d 1103. The motion was not made until after the decision by the trial court finding the defendant guilty, which was three months after the witnesses had testified. No foundation was laid at the trial. The reports were never asked for during the trial. It was clearly then too long after the trial had been concluded for the appellant to demand the production of the reports. United States v. Sheba Bracelets, Inc., 2 Cir., 248 F.2d 134, and United States v. Miller, 2 Cir., 248 F.2d 163.

The judgment of conviction is affirmed.