**UNITED STATES of America,**
**Appellee,**

v.

**Anthony ANGELET and William Angelet,**
**Appellants.**

**No. 329, Docket 24970.**

United States Court of Appeals
Second Circuit.

Argued April 11, 1958.

Decided May 19, 1958.

384

Anthony Angelet and William Angelet, pro se.

Paul W. Williams, U. S. Atty., New York City, for appellee, Herbert C. Kantor, Forest Hills, N. Y. and Robert Kirtland, Asst. U. S. Attys., New York City, of counsel.

Before SWAN, HINCKS and MOORE, Circuit Judges.

PER CURIAM.

This is an appeal from the denial of a second motion under 28 U.S.C.A. § 2255 to set aside judgments of conviction and the sentences imposed on the movants after trial on an indictment which charged them with violating 18 U.S.C.A. § 111 by assaulting agents of the Bureau of Narcotics who were engaged in the performance of their official duties. The defendants' conviction was affirmed in 1956. United States v. Angelet, 2 Cir., 231 F.2d 190, certiorari denied, 351 U.S. 952, 76 S.Ct. 849, 100 L.Ed. 1476. Subsequently they moved under § 2255 to set aside their sentences on the ground that the indictment was insufficient. A denial of this motion was affirmed by this court on July 5, 1957, Angelet v. United States, 245 F.2d 876, certiorari denied 355 U.S. 859, 78 S.Ct. 90, 2 L.Ed.2d 66. The present motion was filed July 25, 1957.[1] It is based on the decision in Jencks v. United States, 353 U.S. 657, 77 S.Ct. 1007, 1 L. Ed.2d 1103, which was decided June 3, 1957, after conviction of the defendants had been affirmed and certiorari denied.

The motion was referred to Judge Wright who had been the trial judge. As permitted by the statute, production of the prisoners at the hearing was not required; they were represented by the attorney who had acted for them at their trial. The motion was denied by Judge Wright without a formal opinion. They promptly appealed. They have no attorney to represent them on the appeal and have asked for none.

The motion asserts that the trial court erred in denying defendants access to official reports within the Government's control and in refusing them inspection of Agent Matuozzi's grand jury testimony, and that the error was of such magnitude as to deprive them of due process of law. A motion under § 2255 cannot ordinarily be used in lieu of an appeal to correct errors committed in the course of a trial. United States v. Walker, 2 Cir., 197 F.2d 287, 288. It will lie only if the trial court's error was jurisdictional or deprived the defendant of constitutional rights under "exceptional circumstances" which may justify a relaxation of the general rule. The "exceptional circumstances" in the case at bar are alleged to be a new legal rule established by the decision in the Jencks case. This argument is flatly contradicted by the decision in Sunal v. Large, 332 U.S. 174, 182, 67 S.Ct. 1588, 91 L.Ed. 1982. There it was held that a defendant who did not appeal could not upset his conviction by habeas corpus, which is equivalent to a motion under § 2255, because a subsequent decision in another case had established that error was committed in his trial. Only when there has been a deprivation of rights so fundamental as to amount to a denial of a fair trial can the conviction and sentence be set aside under § 2255. Meyers v. United States, 86 U.S.App.D.C. 320, 181 F.2d 802, 803, certiorari denied 339 U.S. 983, 70 S.Ct. 1030, 94 L.Ed. 1387. Nothing of that nature appears here. Mere conclusionary allegations that production at the trial of the documents demanded would have shown that perjury was committed raised no substantial issue of fact. See United States v. Rosenberg, 2 Cir., 200 F.2d 666, 668, certiorari denied 345 U.S. 965, 73 S.Ct. 949, 97 L.Ed. 1384; United States v. Pisciotta, 2 Cir., 199 F. 2d 603, 606.

In United States v. Rosenberg, 3 Cir., 245 F.2d 870, it was held in reliance

1. The appellants call their motion an application for a writ of error *coram nobis*. The Government rightly treats the motion as made under 28 U.S.C.A. § 2255. See United States v. Wetherbee, 2 Cir., 175 F.2d 834.

upon Jencks that the trial court's failure to permit inspection of the grand jury testimony of a witness was error which required reversal of the judgment of conviction and the granting of a new trial. But that decision was made on a direct appeal. It is not applicable to a motion under § 2255. Moreover, in our opinion the Jencks case, which did not involve inspection of grand jury minutes, has made no change in the law in respect to that subject. Finally, it may be noted that even if we are incorrect as to the effect of Jencks on inspection of grand jury minutes and its inapplicability to a motion under § 2255, a new trial would be of no avail to the appellants because of 18 U.S.C.A. § 3500. The legislative history of this recent statute makes plain that Congress does not intend grand jury minutes to be made available as of course. See the admirable discussion by Judge Palmieri in United States v. Consolidated Laundries Corp., D.C.S.D.N.Y., 159 F.Supp. 860; see, also, United States v. Miller, 2 Cir., 248 F.2d 163, 165, certiorari denied 355 U.S. 905, 78 S.Ct. 332, 2 L.Ed.2d 261. Denial of the motion was correct, and the order is affirmed.