**UNITED STATES of America,** **Respondent-Appellee,**

v.

**Anthony ANGELET and William Angelet,** **Petitioners-Appellants.**

**No. 259, Docket 25423.**

United States Court of Appeals Second Circuit.

Argued March 3, 1959.

Decided April 2, 1959.

**156**

Anthony Angelet and William Angelet,. petitioners-appellants, pro se.

George I. Gordon, Asst. U. S. Atty. for the Southern District of New York, New York City (Arthur H. Christy, U. S.. Atty., and Mark F. Hughes, Jr., Asst. U. S. Atty., S.D.N.Y., New York City, on the brief), for respondent-appellee.

Before MEDINA and HINCKS, Circuit Judges, and MATHES, District. Judge.*

PER CURIAM.

This is the third successive motion by the petitioners under 28 U.S.C.A. § 2255. to set aside the judgments of conviction and the sentences imposed for violation of 18 U.S.C.A. § 111. See, 2 Cir., 245. F.2d 876, certiorari denied 355 U.S. 859, 78 S.Ct. 90, 2 L.Ed.2d 66; 2 Cir., 255 F. 2d 383. Each petitioner is now serving a five-year sentence for assault, upon federal narcotics officers in the performance of their duties, with a dangerous weapon,. and three concurrent three-year sentences for other assaults. The convictions were affirmed in United States v. Angelet, 2: Cir., 231 F.2d 190, certiorari denied 351. U.S. 952, 76 S.Ct. 849, 100 L.Ed. 1476. The petitioners now contend that they were not arraigned until twenty hours. after their arrest and that it was improper for the federal agents to take them to the office of the Federal Bureau of Narcotics at 90 Church Street before having

* United States District Judge for the Southern District of California, sitting by designation.

them arraigned. This alleged violation of Rule 5(a), F.R.Cr.P., 18 U.S.C.A. it is argued, renders the convictions invalid.

 The defendants were represented by counsel at the trial and all the grounds for the relief now sought were available to them then and were raised or might have been raised in the original appeal. The facts on which the defendants now rely fail to support a conclusion of any deprivation of constitutional right or of lack of jurisdiction. Frisbie v. Collins, 342 U.S. 519, 72 S.Ct. 509, 96 L.Ed. 541. This motion under § 2255 may not be used to review grounds which the defendants failed timely to raise at trial and on appeal. Sunal v. Large, 332 U.S. 174, 67 S.Ct. 1588, 91 L.Ed. 1982; United States v. Angelet, 2 Cir., 255 F.2d 383; United States v. Rosenberg, 2 Cir., 195 F.2d 583, 603, certiorari denied 344 U.S. 838, 73 S.Ct. 20, 97 L.Ed. 687; Bistram v. United States, 8 Cir., 253 F.2d 610, 612. On that account the motion below was rightly denied.

 Moreover, the defendants' present claims, quite apart from their untimeliness, are utterly without substance. The assaults of which they were convicted occurred prior to their arrest except one, committed "shortly" after arrival at 90 Church Street and some two hours after their arrest in the evening, as their brief shows. Cf. 231 F.2d 190. Whether or not their arraignment at about 4:30 p. m. the following day satisfied Rule 5(a) of the Federal Rules of Criminal Procedure, it is fantastic to maintain that any delay in arraignment subsequent to the commission of the assaults vitiated the convictions. Cases such as Mallory v. United States, 354 U.S. 449, 77 S.Ct. 1356, 1 L. Ed.2d 1479, and McNabb v. United States, 318 U.S. 332, 63 S.Ct. 608, 87 L. Ed. 819, went no further than to invalidate convictions obtained by confessions made after detention unduly prolonged. There is no claim here that confessions were made prior to arraignment and received in evidence at the trial.

Affirmed.