**Victor McFARLANE, Petitioner,**
**v.**
**The UNITED STATES of America,**
**Respondent.**

United States District Court
S. D. New York.

July 10, 1964.

Victor McFarlane, pro se.

Robert M. Morgenthau, U. S. Atty. for Southern District of New York, New York City, William J. Quinlan, Asst. U. S. Atty., of counsel, for United States of America.

WEINFELD, District Judge.

Petitioner, now confined at the Federal Reformatory, Chillicothe, Ohio, under a sentence imposed pursuant to the Federal Youth Corrections Act,[1] upon his conviction after trial of a narcotics charge, moves to vacate the sentence and for immediate release pursuant to section 2255 of Title 28 on three separate grounds: (1) the insufficiency of the indictment; (2) a seventeen-hour delay in his arraignment following his arrest; and (3) his arrest without a warrant eight months after the commission of the crime.

On consideration of each ground, the Court finds no basis for relief. Each was known to the defendant and his counsel prior to and at the time of trial, and could have been raised thereat or upon an appeal. In the absence of a constitutional infirmity or lack of jurisdiction, and none appears, section 2255 may not be used as a substitute to review grounds which the defendant failed to raise at the time of trial and

1. 18 U.S.C. § 5010(b) (1958).

upon an appeal.[2] Apart from the lack of timeliness, each asserted ground also *is* lacking in substance.

■ As to the claim of the insufficiency of the indictment, the petitioner asserts that it failed to name the persons to whom the sale was made, and lacked the specificity required to inform him of the details of the charges so that it precluded preparation of an adequate defense and a plea of double jeopardy in the event of a subsequent prosecution upon the same facts. The short answer is United States v. Spada, decided by our Court of Appeals on May 15, 1964.[3] The Court there held that an indictment which charges a violation of sections 173–174 of Title 21, United States Code, is sufficient if set forth in the words of the statute and states the date the offense was committed and that the violation occurred within the jurisdiction of the court. The indictment here clearly measures up to the test.

■■ Next, petitioner asserts he was not arraigned until seventeen hours after his arrest in alleged violation of Rule 5(a) of the Federal Rules of Criminal Procedure. First, it is to be noted that there is no claim or showing that during the period of claimed unreasonable delay, any information was obtained in violation of his legal rights and used to his detriment upon the trial. "Delay in taking an accused before a commissioner, though illegal, does not invalidate a conviction * * *."[4] Since defendant was in a position to move prior to or at the trial to suppress evidence, if any, allegedly obtained during the claimed unreasonable delay in his arraignment,[5]

there is no substance to the claim that the judgment is void. Any relief which might have been granted, had timely application been made, would have resulted in the suppression of evidence and not in the vacatur of the judgment of conviction.

■ Finally, petitioner contends that when arrested eight months after the crime, the arresting officer had no warrant. Again, apart from lack of timeliness of the application, the irregularity of an arrest does not void the judgment of conviction nor furnish a basis for collateral attack upon it under section 2255.[6]

2. United States v. Angelet, 265 F.2d 155 (2d Cir. 1959).

3. 331 F.2d 995 (2d Cir. 1964).

4. Morse v. United States, 256 F.2d 280 (5th Cir. 1958). Accord, United States v. Angelet, 265 F.2d 155, 157 (2d Cir. 1959). See United States v. Mitchell, 322 U.S. 65, 64 S.Ct. 896, 88 L.Ed. 1140 (1944).

5. United States v. Klapholz, 230 F.2d 494 (2d Cir.), cert. denied, 351 U.S. 924, 76 S.Ct. 781, 100 L.Ed. 1454 (1956).

6. United States v. Wagner, 309 F.2d 7 (6th Cir. 1962); United States v. Koptik, 300 F.2d 19 (7th Cir.), cert. denied, 370 U.S. 957, 82 S.Ct. 1609, 8 L.Ed.2d 823 (1962); Roddy v. United States, 296 F. 2d 9 (10th Cir. 1961); Hernandez v. United States, 256 F.2d 342 (5th Cir.), cert. denied, 358 U.S. 851, 79 S.Ct. 80, 3 L.Ed. 2d 85 (1958); Morris v. United States, 101 U.S.App.D.C. 296, 248 F.2d 618 (1957).