James Douglas DeVORE et al.,
Appellants,

v.

UNITED STATES of America, Appellee.

No. 20606.

United States Court of Appeals
Ninth Circuit.

Oct. 28, 1966.

Ronald H. Petica, of Powers & Rehnquist, Phoenix, Ariz., for appellants.

William P. Copple, U. S. Atty., Morton Sitver, Asst. U. S. Atty., Phoenix, Ariz., for appellee.

Before HAMLEY, BROWNING, and DUNIWAY, Circuit Judges.

BROWNING, Circuit Judge.

This is an appeal from a judgment convicting appellants of transporting a vehicle in interstate commerce, knowing it to have been stolen, in violation of 18 U.S.C. § 2312. We hold that it was reversible error to admit proof implicating appellants in the unauthorized use of a stolen department store credit card.

On July 12, 1964, a Standard Oil Company credit card and a Birmingham, Alabama, department store "charg-a-plate" were stolen from a Mrs. A. L. Tramell, Jr. On July 17 an automobile was stolen from a James E. Stembridge, Jr. On July 26 appellants were apprehended in Arizona, driving the Stembridge automobile and using Mrs. Tramell's Standard Oil credit card.

Appellants told the arresting officer that on July 18 in Birmingham they had been given the car and the credit card by a James Burt, and had agreed to drive the car to Los Angeles using the Standard Oil credit card to finance the trip. They said they did not know the car was stolen.

The district court permitted the government to prove, over appellants' objection, that on July 15 and 16 certain merchandise was purchased from the Birmingham department store with Mrs. Tramell's stolen "charg-a-plate"; and that appellant DeVore, Mrs. DeVore, and Mr. Burt were seen in possession of similar merchandise on the same dates. The evidence was admitted on the ground that it tended to disprove appellants' statement to the arresting officer that Mr. Burt gave them the car and Standard Oil credit card on July 18.

False exculpatory statements evidence a consciousness of guilt and are probative of unlawful intent (2 Wigmore, Evidence § 278);[1] and it is axiomatic that evidence which tends to prove a material fact may be admitted even though it also discloses the commission of an offense other than the one charged. 1 Wigmore, Evidence § 216.[2] It is also

1. See, e.g., Wilson v. United States, 162 U.S. 613, 615, 620–621, 16 S.Ct. 895, 40 L.Ed. 1090 (1896); McGaffigan v. United States, 359 F.2d 422 (1st Cir. 1966); Williamson v. United States, 310 F.2d 192, 199 (9th Cir. 1962); Corey v. United States, 305 F.2d 232, 238 (9th Cir. 1962); Rizzo v. United States, 304 F.2d 810, 830 (8th Cir. 1962); United States v. Vittoria, 284 F.2d 451, 453 (7th Cir. 1960); United States v. Montalvo, 271 F.2d 922, 927 (2d Cir. 1959); Costello v. United States, 255 F.2d 389, 397 (8th Cir. 1958); United States v. Kessler, 253 F.2d 290, 292 (2d Cir. 1958); Stanley v. United States, 245 F.2d 427, 433 (6th Cir. 1957); United States v. Bando, 244 F.2d 833, 842 (2d Cir. 1957); United States v. Farina, 218 F.2d 62, 63 (2d Cir. 1954); United States v. Simone, 205 F.2d 480, 482–483 (2d Cir. 1953).

2. See, e.g., United States v. Kirkpatrick, 361 F.2d 866, 868 (6th Cir. 1966); Dirring v. United States, 328 F.2d 512, 514–515 (1st Cir. 1964); Leonard v. United States, 324 F.2d 911, 913 (9th Cir. 1963); United States v. Kahaner, 317 F.2d 459, 471–472 (2d Cir. 1963); Evenson v. United States, 316 F.2d 94, 96 (8th Cir. 1963); Weeks v. United States, 313 F.2d 688, 691–694 (10th Cir. 1963); United States v. Montalvo, supra, 271 F.2d 922, 927 (2d Cir. 1959); O'Dell v. United States, 251 F.2d 704, 707 (10th Cir. 1958); Legatos v. United States, 222 F.2d 678, 683–684 (9th Cir. 1955); Schwartz v. United States, 160 F.2d 718, 720–721 (9th Cir. 1947); McCormick, Evidence, §§ 59, 157 (1954).

clear, however, that evidence which discloses the commission of another offense should be excluded, even though relevant, if the value of the evidence is limited and the danger of prejudice from its use is great.[3] We think this was such a case.

■ The evidence was highly prejudicial. It implicated appellants in the theft by trick of a substantial quantity of department store merchandise. The prosecutor made much of it. Fifteen separate charge slips were introduced in evidence reflecting the unauthorized purchase from the department store of over seventy articles valued in excess of $250. The witness who saw similar articles in the possession of the DeVores and Mr. Burt was asked to list them both orally and on a courtroom easel, and the written list was introduced as an exhibit and sent to the jury room. The prosecutor emphasized the incident in his summation, twice itemizing the merchandise, and repeatedly referring, in one manner or another, to appellant DeVore's involvement in the unauthorized purchases.

The prejudice to appellants was not balanced by any substantial gain to the government's case. As we have noted, the evidence was offered to prove guilty knowledge by showing that appellant DeVore had the Standard Oil credit card on July 15 and 16 rather than on July 18 as appellants stated to the arresting officer. Since the two cards were stolen together on July 12, the possession of the "charg-a-plate" on July 15 and 16 may have afforded some support for an inference that the possessor also had the Standard Oil credit card. But the basis for such an inference was largely destroyed by the fact that the government's witness testified that on the 15th and 16th the merchandise supposedly purchased with the "charg-a-plate" was in the *joint* possesesion of the DeVores and *Mr. Burt*—the man who appellants said gave them the Standard Oil credit card on the 18th.[4] Moreover, the evidence was cumulative. There was ample evidence directly contradicting the explanations given the arresting officer by the appellants and Mrs. DeVore.[5]

Since admission of evidence regarding the department store purchases was prejudicial error, the judgments must be reversed.

Certain of appellants' other assertions of error should be considered for guidance in the event of a retrial.

We do not agree with appellants' contention that it was error to admit a sales slip reflecting a purchase of gas and oil on Mrs. Tramell's Standard Oil credit card on July 17. The sales slip was signed "Bobby Sanders," and a witness testified that appellant DeVore sometimes used that name. The probative value of this evidence was greater than that of the evidence relating to the unauthorized use of the "charg-a-plate." The credit card was the same credit card which appellants

---

3. United States v. White, 355 F.2d 909, 911–912 (7th Cir. 1966); United States v. Byrd, 352 F.2d 570, 574–575 (2d Cir. 1965); Powell v. United States, 347 F. 2d 156, 158 (9th Cir. 1965); United States v. Kahaner, supra, 317 F.2d 459, 471–472 (2d Cir. 1963); United States v. Montalvo, supra, 271 F.2d 922, 927 (2d Cir. 1959); McCormick, Evidence, supra, § 157 at 332. See also Lucero v. Donovan, 354 F.2d 16, 22 n. 7 (9th Cir. 1965).

4. To repeat an oft-quoted phrase, this was a case "where the minute peg of relevancy will be entirely obscured by the dirty linen hung upon it." State v. Goebel, 36 Wash.2d 367, 218 P.2d 300, 306 (1950), cited in McCormick supra at 333 n. 28; United States v. Kahaner, supra, 317 F.

2d at 472; and Lucero v. Donovan, supra, 354 F.2d at 22 n. 7.

5. Mrs. DeVore falsely identified herself as Mrs. Tramell; and falsely stated that her husband owned the car, that he had the registration certificate, and that he was in Birmingham. Appellant DeVore stated that he had met Mr. Burt in a bar "a week or ten days" earlier, but a government witness testified both that the DeVores and Mr. Burt had stayed in her apartment together for several days prior to July 18, and that the DeVores had known Mr. Burt for "about five years." Appellants said they were delivering the car from Birmingham to Los Angeles at Mr. Burt's behest, but when arrested they were traveling east.

used to finance the interstate transportation of the stolen car; and there was no evidence that Mr. Burt, as well as appellant DeVore, had used the alias of "Bobby Sanders."

The prejudice flowing from disclosure of this separate offense was less than that arising from the proof of unauthorized use of the "charg-a-plate." The government had already established, without objection, both that the Standard Oil credit card was stolen, and that appellants had used it without authorization shortly before their arrest.

Appellants cite a number of cases holding that when the government seeks to show that the accused in the past committed similar crimes in order to establish that the conduct which is the basis of the charge was not an innocent mistake, the government's proof that the accused committed the unrelated offenses must be "plain, clear, and conclusive." [6] But here the government was not seeking to show that appellant DeVore used the Standard Oil credit card unlawfully on July 17, or that he had stolen it, but only to show that he had it in his possession prior to July 18, contrary to appellants' story to the arresting officer.[7]

■■■■ It is no objection that the evidence was circumstantial, and only tended to prove the fact of possession, rather than demonstrating it. 1 Wigmore, supra § 29 at 411. Nor is it an objection that the ultimate issue of guilty knowledge could be reached from this bit of evidence only by basing "an inference upon an inference." "The old rule laid out in United States v. Ross (1875) 92 U.S. 281, 283, 23 L.Ed. 707 that an inference predicated upon an inference is inadmissible has been repudiated. [citing] The acceptability of the inference drawn turns on whether it has been founded upon 'fact' regardless of whether such fact has been arrived at by direct or circumstantial evidence." Toliver v. United States, 224 F.2d 742, 745 (9th Cir. 1955). "The rule is not that an inference, no matter how reasonable, is to be rejected if it, in turn, depends upon another reasonable inference; rather the question is merely whether the total evidence, including reasonable inferences, when put together is sufficient to warrant a jury to conclude that defendant is guilty beyond a reasonable doubt." Dirring v. United States, 328 F.2d 512, 515 (1st Cir. 1964).[8] The evidence as a whole was sufficient to meet this test.

We conclude that admission of the "Bobby Sanders" sales slip was a reasonable exercise of the trial court's discretion.

Appellants contend that during closing argument government counsel repeatedly stated as facts matters which were not established by the evidence. We think the contention is well taken. It is unnecessary to consider the matter in detail, however, for we are confident that on retrial the prosecutor will avoid any cause for complaint on this score.

Reversed.

---

6. See Medrano v. United States, 285 F.2d 23, 26 (9th Cir. 1960); Kraft v. United States, 238 F.2d 794, 802 (8th Cir. 1956); Henderson v. United States, 143 F.2d 681, 683 (9th Cir. 1944); Fabacher v. United States, 20 F.2d 736 (5th Cir. 1927).

7. We do not agree that the government was attempting (improperly) to impeach its own witness (the officer). On the contrary, the government stood upon the officer's testimony, and sought to show that appellants lied.

8. See also Sadler v. United States, 303 F. 2d 664, 665 n. 3 (10th Cir. 1962), and authorities cited; and authorities cited in Toliver v. United States, supra, 224 F.2d at 745.