Bernard D. FRIMET, Petitioner,

v.

UNITED STATES of America, Respondent.

No. 68 Civ. 4377.

United States District Court
S. D. New York.

Dec. 31, 1968.

---

3.  Order of November 10, 1966, re petition under the Post Conviction Hearing Act.

Bernard D. Frimet, pro se.

Robert M. Morgenthau, U. S. Atty., for the Southern District of New York, New York City, for the United States; Lars I. Kulleseid, Asst. U. S. Atty., of counsel.

## OPINION

WEINFELD, District Judge.

Petitioner, now confined to the Federal Correctional Institution at Danbury, Connecticut, under a three-year sentence following his conviction of mail and wire fraud offenses after a trial to this court without a jury, seeks his release pursuant to section 2255 of Title 28. Petitioner's appeal from the judgment of conviction was dismissed by the Court of Appeals on motion by the government.

■■ Petitioner presents a potpourri of claims never raised either before or at the trial, when he was represented by competent counsel. All the grounds now advanced were available then, or might have been urged had the appeal not been dismissed. This alone requires denial of his petition, since section 2255 cannot be used to advance claims which petitioner failed to raise prior to or at the time of trial or on appeal.[1]

■ Apart from the untimeliness of the claims, they are without merit. The conclusory allegation that when petitioner was arrested the Miranda warnings were given in a "threatening manner" is without significance, since no statement or admission of petitioner was offered upon the trial. And for the same reason his contention that he did not waive his right to counsel at the time of his arrest also fails. Moreover, the records of this court contain his signed acknowledgment in the waiver of removal hearing that he had been advised by the United States Commissioner of his right to counsel. The waiver contains the signature of the counsel who represented him in that proceeding.

■ The contention that petitioner had no pretrial opportunity to challenge the information upon which the indictment was based and the claim that consequently the indictment was invalid are without substance.[2] The charge that the complaint upon which the arrest warrant was issued was hearsay not only is meritless,[3] but any attack thereon should have been made prior to trial. This also disposes of the belated and conclusory charge of an alleged unlawful search and seizure.[4]

■ Finally, the claim that evidence of petitioner's prior conviction was improperly admitted is groundless. Peti-

1. Sanders v. United States, 373 U.S. 1, 18, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963); Castellana v. United States, 378 F.2d 231, 233 (2d Cir. 1967); United States v. Angelet, 265 F.2d 155, 157 (2d Cir. 1959); United States v. Rosenberg, 200 F.2d 666, 668 (2d Cir. 1952), cert. denied, 345 U.S. 965, 73 S.Ct. 949, 97 L.Ed. 1384 (1953).

2. Cf. United States v. Delman, 253 F. Supp. 383, 384 (S.D.N.Y.1966); United States v. Cowan, 37 F.R.D. 215, 217 (S.D.N.Y.1965); United States v. Universita, 192 F.Supp. 154 (S.D.N.Y.1961).

3. Cf. Aguilar v. Texas, 378 U.S. 108, 114, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964); Jones v. United States, 362 U.S. 257, 271, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960); United States v. Casanova, 213 F.Supp. 654, 655–656 (S.D.N.Y.1963); 8 Moore's Federal Practice, § 4.03 [1], at 4–13 (Cipes ed. 1968).

4. Cf. McFarlane v. United States, 231 F. Supp. 191 (S.D.N.Y.1964).

tioner, on direct examination, no doubt anticipating government inquiry upon his cross-examination, testified to his criminal record.

The petition is dismissed.