**Oliver SMITH, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 149, Docket 33658.**

United States Court of Appeals Second Circuit.

Argued Sept. 18, 1969.

Decided Oct. 16, 1969.

Samuel W. Gilman, New York City, for appellant.

Arthur A. Munisteri, Asst. U. S. Atty. (Robert M. Morgenthau, U. S. Atty., for the Southern District of New York, Paul B. Galvani, Asst. U. S. Atty., on the brief), for appellee.

Before MOORE, HAYS and ANDERSON, Circuit Judges.

PER CURIAM:

Oliver Smith appeals from an order of the United States District Court for the Southern District of New York denying without a hearing a petition under 28 U.S.C. § 2255 (1964) to vacate his conviction.

Appellant was convicted of violating 21 U.S.C. §§ 173, 174 (1964). The conviction and orders denying two motions for a new trial were affirmed from the bench by this court.

On this appeal appellant contends that the Government failed to comply with 18 U.S.C. § 3500 (1964) by not turning over the "Daily Attendance and Expense Sheet" of the Government's witness, Agent Frank Selvaggi.

The "Daily Attendance and Expense Sheet" is used solely for office administration. It is not the type of material contemplated by Section 3500.

Moreover the judge who originally convicted Smith, after a trial without a jury, denied Smith's § 2255 application, thus holding, in effect, that the document in question would not have influenced his initial determination of guilt.

Even if refusal to require production of the disputed document were in error it would be merely a defect in the trial correctable on appeal.

"Only when there has been a deprivation of rights so fundamental as to amount to a denial of a fair trial can the conviction and sentence be set aside under § 2255." United States v. Angelet, 255 F.2d 383, 384 (2d Cir. 1958).

Affirmed.