**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Grant Robert THORNLEY, Defendant-
Appellant.**

**No. 71–2387.**

United States Court of Appeals,
Ninth Circuit.

May 15, 1972.

Rehearing Denied June 1, 1972.

Richard B. Mazer, of Boorkman, Mazer & Parnes, San Francisco, Cal., Frederic R. Starich, Reno, Nev., for appellant.

Bart M. Schouweiler, U. S. Atty., Lawrence J. Semenza, Asst. U. S. Atty., Reno, Nev., for appellee.

Before CHAMBERS, HAMLEY and ELY, Circuit Judges.

PER CURIAM:

Grant Robert Thornley appeals from his conviction for transporting a stolen motor vehicle in interstate commerce, knowing it to have been stolen, contrary to 18 U.S.C. § 2312. We affirm.

Government witnesses were permitted to testify, over objection, that while defendant was in possession of the automobile in question, he obtained gasoline from service stations at Burns, Oregon, and Sparks, Nevada, with a revoked credit card, and left, without paying when the attendants went to telephone to verify the card. Defendant asserts that this constituted prejudicial error requiring reversal, citing DeVore v. United States, 368 F.2d 396 (9th Cir. 1966).

The principle announced in *DeVore* is that evidence which discloses the commission of another offense should be excluded, even though relevant, if the probative value of the evidence is outweighed by the prejudice resulting from the disclosure of another offense. *See DeVore,* at 398.

■ The trial court held that this evidence was relevant because it tended to show that defendant converted the automobile to his own use, as distinguished from having a good-faith intent to return it to the rental agency which owned the vehicle. We find no fault with this determination. The trial court did not specifically rule that the probative value of such evidence outweighed the prejudice resulting from the disclosure of the offenses. But such prejudicial effect was called to the court's attention and we

think the ruling in favor of admission of the evidence amounts to a ruling that the probative value of the evidence did outweigh the indicated prejudice. We agree.

■■ Defendant argues that the evidence was insufficient to sustain the verdict of guilty. Since defendant did not move for judgment of acquittal at the close of the evidence, we may treat the claim that the evidence was not sufficient as waived. Rodgers v. United States, 402 F.2d 830, 831 (9th Cir. 1968). In any event, we hold that the evidence was sufficient.

Affirmed.