470 A.2d 1315
**Richard Roosevelt EDWARDS**

v.

**STATE of Maryland.**

**No. 526, Sept. Term, 1983.**

Court of Special Appeals of Maryland.

Feb. 7, 1984.

Julia A. Doyle, Asst. Public Defender, with whom was Alan H. Murrell, Public Defender of Maryland on the brief, for appellant.

Deborah K. Chasanow, Asst. Atty. Gen., with whom were Stephen H. Sachs, Atty. Gen., William R. Hymes, State's Atty., for Howard County and Carol Robertson, Asst. State's Atty., for Howard County on the brief, for appellee.

Submitted before GILBERT, C.J., and ALPERT and BELL, JJ.

ALPERT, Judge.

Maryland District Rule 723 a requires that "[a] defendant who is detained pursuant to an arrest shall be taken before a judicial officer without unnecessary delay and in no event later than 24 hours after arrest." In determining an appropriate sanction for violation of this rule, after thoughtful consideration of several alternatives, the Court of Appeals held that the rule was mandatory and adopted a per se exclusionary rule as to statements obtained in derogation of the rule. *Wade Iglehart Johnson v. State,* 282 Md. 314, 384 A.2d 709 (1978).[1] The Court joined those jurisdictions that theorized that "the exclusionary rule is perhaps the most effective and practical means of curbing lawless police con-

---

1. Appellant was tried on April 13, 1983. The Legislature, by statute effective July 1, 1983, negated the *Johnson* decision's per se exclusion of inculpatory statements obtained in violation of Rule 723 a. Violations are now treated as but one factor to be considered when determining admissibility of an accused's statements. Courts Art. § 10–912 provides:

    (a) *Confession not rendered inadmissible.*—A confession may not be excluded from evidence solely because the defendant was not taken before a judicial officer after arrest within any time period specified by the Maryland District Rules.

    (b) *Effect of failure to comply strictly with Maryland District Rules.*—Failure to strictly comply with the provisions of the Maryland District Rules pertaining to taking a defendant before a judicial officer after arrest is only one factor, among others, to be considered by the court in deciding the voluntariness and admissibility of a confession.

duct when it impinges upon fundamental legal and constitutional rights of a criminal defendant." *Id.* at 326, 384 A.2d 709.

Appellant asks us to proceed infinitely further by ordering the dismissal of an indictment as punishment for non-conformity with the rule. Logic and law preclude us from reaching such a result.

Appellant, Richard Roosevelt Edwards, while serving a 25-year sentence at the Patuxent Institute, was charged with assault with intent to murder and related offenses [2] by a five count indictment filed in the Circuit Court for Howard County. It is undisputed that although a statement of charges was served on the appellant, he was *never* taken before a commissioner pursuant to Maryland District Rule 723 a. Appellant moved to dismiss on the ground that he was denied his rights under Maryland District Rule 723. The prosecutor, conceding that had a statement been taken it would be subject to suppression, argued against dismissal as a sanction. The trial judge (Fischer, J.) agreed and denied the motion. Appellant was tried by the court, convicted of battery and sentenced to 18 months imprisonment consecutive to the sentence then being served. Having noted a timely appeal, he contends that the trial court erred in denying his motion to dismiss.

Noting that Maryland District Rule 723 a is mandatory and that the Court of Appeals had adopted a per se exclusionary rule for violators, *Johnson, supra,* appellant argues that "the sanction of the exclusionary rule becomes meaningless where, as here, no evidence is obtained as a result of the violation of the rule." As a first line of defense, the State maintains that appellant was not "detained pursuant to an arrest" because he was already detained pursuant to a conviction and therefore as the rule was not applicable, it could not be violated. Citing *Johnson, supra,* and Md.Code

---

**2.** The charges arose out of a jailhouse altercation. Appellant approached another inmate and stabbed him five times with a "homemade" knife.

Cts. & Jud.Proc.Ann. § 10–912, *supra* at n. 1, appellee alternatively contends that dismissal has never been the sanction for violation of the rule.

As originally drafted, Maryland District Rule 723 was similar to Rule 5(a) of the Federal Rules of Criminal Procedure. The purpose of both the State and Federal rules "is to insure that an accused will be promptly afforded the full panoply of safeguards provided at the initial appearance." *Johnson, supra* at 321, 384 A.2d 709. Maryland had fashioned a per se exclusionary rule similar to that enunciated by the Supreme Court in implementing Rule 5(a) of the Federal Rules of Criminal Procedure. See *Mallory v. United States,* 354 U.S. 449, 77 S.Ct. 1356, 1 L.Ed.2d 1479 (1957); *McNabb v. United States,* 318 U.S. 332, 63 S.Ct. 608, 87 L.Ed. 819 (1943). Given the common purposes of the Rules, we consider federal cases construing Rule 5(a) to be persuasive authority for determining whether dismissal is the appropriate sanction for failure to take an accused before a commissioner.

In *Morse v. United States,* 256 F.2d 280 (5th Cir.1958) (per curiam), the court held that delay in taking an accused before a commissioner, though illegal, does not invalidate a conviction in the absence of prejudice resulting from the detention. *Accord, Diaz v. United States,* 264 F.Supp. 937, 944 (E.D.La.1967); *McFarlane v. United States,* 231 F.Supp. 191, 192 (S.D.N.Y.1964).

■ While we hold unequivocally that dismissal of the charges is an inappropriate sanction for violation of Maryland District Rule 723 a, we reject the State's suggestion that Rule 723 is inapplicable to a defendant who is served with new charges while incarcerated for a different offense. In examining the role played by the initial appearance in our system of justice, the Court of Appeals observed the significance of the protections afforded thereunder: (1) determination whether sufficient probable cause exists for the continued detention of the defendant; (2) determination of the defendant's eligibility for pre-trial release; (3) informing the

accused of every charge against him, his right to counsel, and if indigent, to have counsel appointed for him; and (4) where defendant has been charged with a felony over which the District Court lacks subject matter jurisdiction, notification of the right under Maryland District Rule 727 to request a full preliminary hearing. *Johnson, supra* at 321–22, 384 A.2d 709.

Although in those cases where the accused is already incarcerated continued detention may well be unaffected by the proceedings at initial appearance, the accused is nevertheless entitled to those procedural guarantees designed to insure fair treatment of criminal defendants from the time of arrest to the time of trial. *Johnson, supra* at 323, 384 A.2d 709. Where denial of those guarantees resulting from violations of Maryland District Rule 723 cause prejudice to the accused, appropriate sanctions may be imposed.

JUDGMENT AFFIRMED; APPELLANT TO PAY THE COSTS.