**UNITED STATES of America**
v.
**Joel ROSENBERG, Appellant.**
No. 12209.

United States Court of Appeals Third Circuit.

Argued June 11, 1957.

Decided June 26, 1957.

Rehearing Denied Aug. 14, 1957.

Edward M. Dangel, Boston, Mass. (Alexander Osinoff, Philadelphia, Pa., Anthony J. Albert, Santa Fe, N. M., Stanley B. Singer, Philadelphia, Pa., Leo E. Sherry, Boston, Mass., on the brief), for appellant.

Norman C. Henss, Asst. U. S. Atty., Philadelphia, Pa. (G. Clinton Fogwell, Jr., U. S. Atty., Philadelphia, Pa., on the brief), for appellee.

Before MARIS, STALEY and HASTIE, Circuit Judges.

PER CURIAM.

This is an appeal from a judgment of conviction in a criminal case. The trial judge denied a pre-trial motion by counsel for the defendant for leave to examine the testimony given before the grand jury by Meierdiercks, a witness for the Government, and a statement which he had given to the F.B.I. During the trial the testimony and statement were produced to the trial judge for his examination in camera. He examined them and indicated to counsel for the defendant

wherein the witness' testimony in court differed, but counsel for the defendant was not permitted to inspect them himself. This was in accordance with the practice heretofore generally followed. See United States v. Lebron, 2 Cir., 1955, 222 F.2d 531, 536–537. That practice has, however, now been definitely disapproved by the Supreme Court. Jencks v. United States, 1957, 353 U.S. ——, 77 S.Ct. 1007. The failure of the trial judge to permit counsel for the defendant to inspect at the trial the witness' grand jury testimony and statement to the F.B.I., as required by the rule announced in the Jencks case, compels us to grant a new trial. Under the circumstances it is unnecessary for us to consider any of the other errors alleged by the defendant.

The judgment of conviction will be reversed and a new trial will be ordered.