Walter C. LOHMAN, Jr., Appellant,

v.

UNITED STATES of America,
Appellee.

No. 13189.

United States Court of Appeals
Sixth Circuit.

Jan. 28, 1958.

See also 237 F.2d 645.

952

H. Donald Hawkins, Dayton, Ohio, Thomas Stueve, Cincinnati, Ohio, Hugh K. Martin, Columbus, Ohio, on brief, for appellee.

Before McALLISTER, MILLER and STEWART, Circuit Judges.

STEWART, Circuit Judge.

The appellant was found guilty by a jury under a two-count indictment charging him with violating the provisions of 18 U.S.C. § 1001, by falsely swearing on December 6, 1949, in an affidavit filed with the National Labor Relations Board that he was not a member of or affiliated with the Communist Party.[1] He was sentenced to prison terms on each count, to be served concurrently.

Several claims of error are pressed on this appeal. It is urged that the district judge erroneously instructed the jury on materiality, membership, affiliation, and the credibility of paid informers. It is contended that certain evidence was wrongly received, that the admissible evidence was insufficient to support a conviction, and that § 9(h) of the National Labor Relations Act in the factual context of this case is unconstitutional for vagueness and uncertainty. Finally it is claimed that the trial court erred in refusing to order production of prior statements made to the Federal Bureau of Investigation by an informer who testified for the government at the trial.

Upon this final ground we hold that the judgment of conviction must be set aside and a new trial ordered for the reasons stated below. The remaining contentions need be dealt with, therefore, only to the extent necessary to forestall possible error in a new trial.

A key witness for the prosecution was a paid informer named Arthur Strunk, who testified that he had been "financial secretary and dues collector" for the Communist Party in Dayton, Ohio, from 1945 to 1952. He stated that he had received a membership application with the appellant's name on it in February,

J. Paul Prear, Dayton, Ohio, David Scribner, New York City, on brief, for appellant.

---

1. The affidavit was filed in accordance with the provisions of § 9(h) of the National Labor Relations Act. 29 U.S.C.A. § 159 (h).

1948, and that he later received money directly from the appellant for dues and for the Party's "sustaining fund." According to his testimony, the appellant attended several closed Communist Party meetings in Dayton during the years 1948 to 1951, including a meeting held December 3, 1949, three days before the date of the affidavit which was the subject of the indictment.

On cross-examination Strunk stated that he had regularly made written or oral reports to the F.B.I. concerning these Communist Party meetings. With particular reference to the meeting of December 3, 1949, he stated that he had made a written report to the F.B.I. within a day or two after the meeting was held. Counsel for the appellant promptly and unequivocally made an oral motion that this report be produced for use in further cross-examination of Strunk. The motion was just as unequivocally denied by the court.

 In the light of the Supreme Court's decision in Jencks v. United States, 1957, 353 U.S. 657, 77 S.Ct. 1007, 1 L.Ed.2d 1103, the denial of the motion for production of this document was clearly prejudicial error. The district court was without the benefit of the Jencks ruling at the time of the trial. But this court must, of course, apply the law as it is when a judgment is reviewed, not the law as it was when the judgment was entered. Vandenbark v. Owens-Illinois Glass Co., 1941, 311 U.S. 538, 61 S.Ct. 347, 85 L.Ed. 327; Carpenter v. Wabash Ry. Co., 1940, 309 U.S. 23, 27, 60 S.Ct. 416, 84 L.Ed. 558. Absent an *ex post facto* question, the rule is no different in criminal cases. Hines v. Davidowitz, 1941, 312 U.S. 52, 60, 61 S.Ct. 399, 85 L.Ed. 581; see United States v. Rosenberg, 3 Cir., 1957, 245 F.2d 870;

United States v. Killian, 7 Cir., 246 F.2d 77, 82 (on petition for rehearing) (1957). Upon a new trial the recently enacted statute implementing the rule of the Jencks case will govern the procedure to be followed. 18 U.S.C. § 3500.[2]

The court's instructions to the jury as to the meaning of membership and affiliation were as follows:

"In considering whether or not the defendant was a member of the Communist Party, you may consider circumstantial evidence, as well as direct. You may consider whether or not he attended Communist Party meetings; whether or not he paid money to the Communist Party; whether or not he engaged in other conduct consistent only with membership in the Communist Party and all other evidence, either direct or circumstantial, which may bear upon the question of whether or not he was a member of the Communist Party.

\* \* \* \* \* \*

"I have said that the second count of the indictment contains the same essential elements as the first count, except that the charge is that the defendant was affiliated with the Communist Party instead of charging that he was a member of the Communist Party.

"Webster's New International Dictionary defines 'Affiliate' as follows: 'To connect or associate one's self with; to adopt, hence usually to bring or receive into close connection; to ally; to unite or attach such a member or branch.'

"Affiliation, as used in subsection (h) of Section 159 of Title 29 of the U. S. Code, means something less than membership but more than

---

2. At the trial a conflict developed in Strunk's testimony as to when he first became a paid informer for the F.B.I. The appellant insists he was entitled to the production of reports made by Strunk to the F.B.I. between 1941 and 1944, for the purpose of showing that Strunk was a paid informer during that period. This argument reads far too much into

Jencks. Strunk testified he did not even know the appellant before 1947, and obviously none of his testimony touched any "events and activities" concerning the appellant before that date. The district court was correct in refusing to permit the appellant to inspect the contents of the 1941–1944 reports.

sympathy. Affiliation with the Communist Party may be proved by either circumstantial or direct evidence or both."

 The Supreme Court has not yet authoritatively spoken with respect to the sufficiency of instructions on membership and affiliation in this type of case. Indeed, we are told that Court is "sorely divided" on the question. Jencks v. United States, 353 U.S. 657, 684, 77 S.Ct. 1007, 1021 (dissenting opinion). Until a controlling pronouncement is made to the contrary, we can do no better than adopt the views upon this issue recently expressed by Mr. Justice Burton, speaking as well for two other members of the Court.

The district court's instructions should be amplified when the case is tried again. Membership should be so defined as to emphasize to the jury the necessity of finding that the appellant desired to belong to the Communist Party, and that the Communist Party recognized that it considered him as a member. Jencks v. United States, 353 U.S. at pages 657, 679, 77 S.Ct. 1007, 1019 (concurring opinion); Fisher v. United States, 9 Cir., 1956, 231 F.2d 99, 106–107; Travis v. United States, 10 Cir., 1957, 247 F.2d 130, 135–136; see Galvan v. Press, 1954, 347 U.S. 522, 528–529, 74 S.Ct. 737, 98 L.Ed. 911; see 50 U.S.C.A. § 844. As to the meaning of affiliation, the instructions should make clear the requirement of finding "a continuing course of conduct 'on a fairly permanent basis' 'that could not be abruptly ended without giving at least reasonable cause for the charge of a breach of good faith.' " Jencks v. United States, 353 U.S. at pages 679–680, 77 S.Ct. at page 1019. See Fisher v. United States, supra, 231 F.2d at pages 107–108; Travis v. United States, supra, 247 F.2d at page 135; Bridges v. Wixon, 1945, 326 U.S. 135, 143–144, 65 S.Ct. 1443, 89 L.Ed. 2103.

We find no error in the remaining instructions of the court and no merit in the other contentions of the appellant. The evidence was sufficient to support the jury's verdict, Hupman v. United States,

6 Cir., 219 F.2d 243, certiorari denied 1955, 349 U.S. 953, 75 S.Ct. 882, 99 L.Ed. 1278, and no debatable Constitutional question is evident. American Communication Ass'n v. Dowds, 1950, 339 U.S. 382, 70 S.Ct. 674, 94 L.Ed. 925.

The judgment is set aside, and the case is remanded for a new trial.