Sidney **BERGMAN**, George **Goldenberg, Emanuel Weiss and Phillip Weiss,** Appellants,

v.

**UNITED STATES of America,** Appellee.

Nos. 13193–13196.

United States Court of Appeals Sixth Circuit.

March 12, 1958.

Rehearing Denied April 23, 1958.

934

William Scott Stewart, Chicago, Ill., Joseph W. Louisell, Detroit, Mich., Louis J. Colombo, Jr., George S. Fitzgerald, Ivan E. Barris, Detroit, Mich., on the briefs, for appellants.

Donald F. Welday, Jr., Detroit, Mich., Fred W. Kaess, Detroit, Mich., on the brief, for appellee.

Before McALLISTER and STEWART, Circuit Judges, and JONES, District Judge.

STEWART, Circuit Judge.

Tried by jury in the district court, the appellants were convicted of violating Title 18, U.S.C.A. §§ 2314 and 2315, by receiving and transporting in interstate commerce goods which they knew had been stolen, feloniously converted or taken by fraud, and of conspiracy to violate the said criminal statutes. Upon these consolidated appeals many errors are claimed in the trial court's admission and exclusion of evidence, instructions to the jury, and other rulings.

Two principal contentions, however, emerge from the briefs and oral argument. First, it is claimed that the proof was insufficient to show that the goods which were received and transported had been obtained by any of the unlawful means referred to in the criminal statutes in question. Secondly, it is contended that in the light of Jencks v. United States, 1957, 353 U.S. 657, 77 S.Ct. 1007, 1 L.Ed.2d 1103, the district court erred in not permitting defense counsel to inspect prior statements made to the Federal Bureau of Investigation by witnesses who testified for the government.

The goods which the appellants were charged with receiving and transporting were automobile parts that in 1952 had been shipped in four separate loads from Willys-Overland Motors, Inc., to the appellant Phillip Weiss in Toledo, Ohio. Since for the reasons stated below we have concluded that the judgments must be set aside, it is unnecessary to embark upon a review of the conflicting evidence as to the circumstances under which the goods in question left the Willys-Overland plant. Suffice it to say

that while the appellants are correct in their contention that the evidence did not show that a common law larceny had been committed, such a showing was not necessary to sustain a conviction. United States v. De Normand, 2 Cir., 1945, 149 F.2d 622; United States v. Handler, 2 Cir., 1944, 142 F.2d 351.

▆ The issue as to whether the goods were obtained by one of the unlawful methods of acquisition referred to in the statutes is not to be decided upon the basis of technical common law definitions. See United States v. Turley, 1957, 352 U.S. 407, 77 S.Ct. 397, 1 L.Ed.2d 430; United States v. De Normand, supra; United States v. Handler, supra. While, of course, we cannot know whether the evidence to be produced at a new trial will be sufficient to support convictions, there is enough in the present record to prevent a determination at this time that any of the appellants are entitled to directed verdicts of acquittal. Cf. Yates v. United States, 1957, 354 U.S. 298, 332–333, 77 S.Ct. 1064, 1 L.Ed.2d 1356.

We come then to the ground upon which we have concluded that a new trial is required. Six employees of Willys-Overland testified on behalf of the government. The general subject of their testimony related to the manner in which Phillip Weiss had secured possession of the automobile parts—a subject which was a central issue in the case. Five of these six witnesses said that they had given statements to the F.B.I. in 1952 or early in 1953 covering the subject matter of their testimony. Defense counsel made a timely demand for the production of each of the five statements for use in cross examination.

In a conscientious effort to follow the law as it then appeared to be, the trial court adopted the following principles in passing upon counsel's requests for the witnesses' prior statements: 1. If the witness had used the statement to refresh his recollection, the statement would be made available to defense counsel. 2. If the witness had not used the statement to refresh his recollection, the court would examine the statement to determine whether its contents were inconsistent with the witness's testimony. 3. If the court determined that the statement was inconsistent with the witness's testimony the statement would be made available to defense counsel. 4. If the court found that the statement was not inconsistent with the witness's testimony the statement would not be made available to defense counsel.

Applying these standards, the court made available to the defense the prior statements of three of the government witnesses and a substantial part of the statement of a fourth. But the prior statement of one witness, Chitwood, was not turned over to defense counsel.

▆ Several months after the judgments of conviction were entered, the Supreme Court decided Jencks v. United States, 1957, 353 U.S. 657, 77 S.Ct. 1007, 1 L.Ed.2d 1103. In that case the Court expressly disapproved the procedure adopted by the district court here. 353 U.S. at page 669, 77 S.Ct. at page 1013. In the light of the Jencks decision, the failure of the district court to make Chitwood's prior statement available to the defense requires that the judgments be set aside.[1] We reach this conclusion with reluctance in view of the likelihood that the failure to make Chitwood's statement available actually worked no prejudice to the defendants, and in view of the generally conscientious and fair conduct of the long and complicated trial by the district judge.

Upon a second trial the recently enacted statute implementing the rule of the Jencks case will govern the procedure to be followed. 18 U.S.C.A. § 3500;

---

1. The fact that Chitwood's statement may have been unsigned is immaterial, if it was "otherwise adopted or approved by him," or, if orally made, it was a substantially verbatim contemporaneous recording. Jencks v. United States, 353 U.S. at page 668, 77 S.Ct. at page 1013; 18 U.S.C.A. § 3500.

Lohman v. United States, 6 Cir., 1958, 251 F.2d 951.

The judgments are vacated and the case remanded to the district court for a new trial.

On Petition for Rehearing

PER CURIAM.

■ Upon consideration of the petition for rehearing, we are of opinion that it is not proper for this court to determine whether the appellants were prejudiced by failure to make available the prior statement of a witness, any more than it would be proper for the trial court to determine whether a prior statement of a witness should be turned over to defense counsel on the basis of whether the statement is inconsistent with the witness's testimony in open court.

The petition for rehearing seems to imply that the Jencks case removed this function from the district court only to place it within the province of the Court of Appeals. We are not disposed to adopt that view, and accordingly the petition for rehearing is denied.