**Walter C. LOHMAN, Jr., Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 13667.**

United States Court of Appeals
Sixth Circuit.

May 5, 1959.

———◆———

J. Paul Prear, Dayton, Ohio, for appellant.

Thomas Stueve, First Asst. U. S. Atty., Cincinnati, Ohio, Hugh K. Martin, U. S. Atty., Cincinnati, Ohio, Anthony A. Ambrosio, Dept. of Justice, Washington, D. C., on the briefs, for appellee.

Before ALLEN, McALLISTER and SHACKELFORD MILLER, Circuit Judges.

SHACKELFORD MILLER, Jr., Circuit Judge.

In a previous trial of this case the appellant was found guilty by a jury under a two-count indictment charging him with violating the provisions of Sec. 1001, Title 18 U.S.Code, by falsely swearing on December 6, 1949, in an affidavit filed with the National Labor Relations Board that he was not a member of or affiliated with the Communist Party. The affidavit was filed in accordance with the provisions of Sec. 9(h) of the National Labor Relations Act, Sec. 159(h), Title 29 U.S.C.A. On appeal the judgment was reversed for failure of the trial court to comply with the rule subsequently laid down by the Supreme Court in Jencks v. United States, 353 U.S. 657, 77 S.Ct. 1007, 1 L.Ed.2d 1103. Lohman v. United States, 6 Cir., 251 F.2d 951.

On the second trial of the case appellant was again convicted by a jury and received a sentence of five years on each count, to run concurrently. The case has been brought here for this second review.

■ Some of appellant's contentions on this review are disposed of by our rulings on the prior review. At that time we found the evidence sufficient to support the jury's verdict. We carefully considered the Court's instructions to the jury and stated how they should be amplified when the case was again tried. We held that no debatable constitutional question was evident. We found no merit in the other contentions of the appellant with the exception of the Court's failure to meet the requirements subsequently stated by the Supreme Court in Jencks v. United States, supra, with respect to the production of reports or statements made by government witnesses. Lohman v. United States, supra, 6 Cir., 251 F.2d 951. See also: Hupman v. United States, 6 Cir., 219 F.2d 243, certiorari denied 349 U.S. 953, 75 S.Ct. 882, 99 L.Ed. 1278. Our opinion on the first review of this case states the law of the case on the questions therein involved. Pet Milk Co. v. Boland, 8 Cir., 185 F.2d 298, 300–301. Other contentions, not foreclosed by the first trial, have been made on this review and have had our consideration.

■ Appellant complains of improper limitation of his right of cross-examination of government witnesses. As we said in Gariepy v. United States, 6 Cir., 220 F.2d 252, 263, "Cross-examination is, of course, of highest importance in an effort to elicit truth, but its limitation in the circumstances of each case rests largely within the sound discretion of the trial court. (Cases cited.)" This is particularly true with respect to cross-examination on collateral matters. United States v. Lawinski, 7 Cir., 195 F.2d 1, 7–8; Dolan v. United States, 8 Cir., 218 F.2d 454, 459, certiorari denied 349 U.S. 923, 75 S.Ct. 665, 99 L.Ed. 1255. We find no prejudicial error in this phase of the case.

The District Judge instructed the jury on the question of the credibility of three government witnesses who were paid informers. Appellant contends it was not as strong as it should have been. We are of the opinion that it was adequate. Wellman v. United States, 6 Cir., 227 F.2d 757, 769–770.

We find no merit in appellant's contention that the Government knowingly used false or perjured testimony.

What appears to be the main issue on this second review is appellant's contention that, in view of the ruling in Jencks v. United States, supra, Sec. 3500, Title 18 U.S.Code, is unconstitutional, and that, even if constitutional, it was incorrectly applied by the District Judge in the second trial. Sec. 3500, dealing with the production of statements previously made by a government witness, for the purpose of examination by a defendant,

was enacted September 2, 1957, following the ruling of the Supreme Court in the Jencks case.

The contention that Sec. 3500 is unconstitutional has been considered and rejected in Scales v. United States, 4 Cir., 260 F.2d 21, 44, certiorari granted 358 U.S. 917, 79 S.Ct. 289, 3 L.Ed.2d 237; United States v. Spangelet, 2 Cir., 258 F.2d 338, 340-341; United States v. De Lucia, 7 Cir., 262 F.2d 610, 614; and Sells v. United States, 10 Cir., 262 F. 2d 815, 822-824. We are in accord with the views expressed in those opinions, subject, of course, to the pending review of the ruling by the Supreme Court of the United States. Under the circumstances, it is unnecessary to further discuss this issue.

Sec. 3500(b) provides that after a witness called by the United States has testified on direct examination, the Court shall, on motion of the defendant, order the United States to produce "any statement * * * of the witness in the possession of the United States which relates to the subject matter as to which the witness has testified." In the testimony of government witnesses in this case it appeared that in addition to the reports which the witness made to the F. B. I. with respect to the matters he testified about, there were other documents, papers, or records transmitted by the witness to the F. B. I. The District Judge overruled appellant's motion that such additional documents or papers be produced for his inspection. The ruling was based on his construction of the statute that it was limited to matters testified to by the witness on direct examination, and did not give the appellant the right to require the production of reports and documents transmitted by the witness, but about which the witness did not testify. We are of the opinion that the ruling was consistent with the views expressed in Jencks v. United States, supra, and was the correct construction of the statute. The statute was not enacted for the purpose of authorizing a fishing expedition into government files, and should be restricted to

those matters which relate to the direct testimony of the witness for the purposes of cross-examination.

We find no prejudicial error resulting from the initial refusal of the District Judge to order the production of certain documents in the possession of the Government, to which the appellant claims he was entitled under Sec. 3500. A subsequent ruling after appellant made a proper foundation for his motion made such documents available to appellant. Assuming, but not so ruling, that an error was made, it was cured. We fail to see how the short delay in receiving the documents in any way prejudiced the appellant in presenting his case to the jury. Rule 52(a), Rules of Criminal Procedure, 18 U.S.C. United States v. Miller, 2 Cir., 248 F.2d 163, 165; Kotteakos v. United States, 328 U.S. 750, 764, 66 S.Ct. 1239, 90 L. Ed. 1557.

The judgment is affirmed.