281 F.2d 354
 UNITED STATES of America, Plaintiff-Appellee,
v.
Joseph SIMMONS, a/k/a Joseph Synakowski, James Millio and
Frank R, Coppola, Defendants-Appellants, and Dario
D'Antuono, a/k/a 'Danny' D'Antuono, and
Carmelo J. Giambra, Defendants.
 No. 118, Docket 25257.
 United States Court of Appeals Second Circuit.
 Argued March 9, 1959.
Decided July 20, 1959, Reargued before the Court En Banc,
Dec. 15, 1959.
Decided May 20, 1960.
 
 Leo J. Fallon, Asst. U.S. Atty., W.D.N.Y., Buffalo, N.Y. (John O. Henderson, U.S. Atty., W.D.N.Y., Buffalo, N.Y., on the brief), for plaintiff-appellee.
 William D. 3HNeill, Buffalo, N.Y., for defendant-appellant James Millio.
 William B. Mahoney, Buffalo, N.Y., for defendant-appellant Frank Coppola.
 Charles J. McDonough, Buffalo, N.Y., for defendant-appellant Joseph Simmons.
 Before WASHINGTON, WATERMAN and MOORE, Circuit Judges.
 WATERMAN, Circuit Judge.
 
 
 1
 On October 2, 1956 the Linwood Branch of the Liberty Bank of Buffalo, New York, a member bank of the Federal Reserve System, was held up and robbed. On February 4, 1957 a six-count indictment was filed charging the appellants herein, Frank R. Coppola, Joseph Simmons and James Millio, and Dario D'Antuono and Carmelo Giambra with the commission of the crime. The first three counts charged Simmons, Millio, D'Antuono and Giambra with actual physical participation in the robbery, in violation of 18 U.S.C. 2113(a) and (b). Counts four, five and six charged Coppola with aiding, abetting and counseling these four, in violation of 18 U.S.C. 2, 2113(a) and (b). D'Antuono and Giambra pleaded guilty. The appellants went to trial. A jury found them all guilty as charged on December 3, 1957.
 
 
 2
 Defendant Coppola.
 
 
 3
 During the course of the trial a member of the FBI, Gordon Eddy, was produced as a witness by the Government. He sought to give testimony relative to an oral confession made to him by Coppola. The latter moved to have this evidence suppressed, but after a hearing conducted out of the presence of the jury the district court permitted the testimony. As was proper, however, it carefully instructed the jury that Eddy's testimony relative to Coppola's oral confession was not to be considered binding upon Simmons or upon Millio.
 
 
 4
 The evidence produced at that hearing reveals that the oral admissions testified to by Agent Eddy were made at the same time and under the same circumstances as those described in United States v. Coppola, 2 Cir., July 20, 1959.* Therefore, for the reasons given in that decision, we hold that the testimony was improperly allowed against Coppola and that he is entitled to a new trial.
 
 
 5
 Defendant Simmons.
 
 
 6
 The Government also offered evidence as to admissions, oral and written, made by Simmons during his period of incarceration. Prior to the admission of such evidence a preliminary hearing was held for the purpose of determining whether the admissions were involuntary as a matter of law. After hearing testimony by both sides the district court decided that they were not.
 
 
 7
 Simmons contends on this appeal that the district court failed to properly submit to the jury the question of whether these admissions were voluntary, since it failed to give adequate instructions at the close of the trial. Although Simmons submitted written requests to charge and they were all granted, he made no request for a charge relative to the issue of the voluntariness or involuntariness of his admissions. Thus, in order to reverse on this contention we must find that whatever error the district court may have committed in this respect constituted a miscarriage of justice. Herzog v. United States, 9 Cir., 1956, 235 F.2d 664, certiorari denied, 1956, 352 U.S. 844, 77 S.Ct. 54, 1 L.Ed.2d 59; United States v. Rappy, 2 Cir., 1946, 157 F.2d 964, certiorari denied, 1947, 329 U.S. 806, 67 S.Ct. 501, 91 L.Ed. 688. The power granted in Criminal Rule 52(b), 18 U.S.C. must be exercised with care so as not to nullify the salutary impact of Rule 30. See Herzog v. United States, supra; Cave v. United States, 8 Cir., 1947, 159 F.2d 464, certiorari denied, 1947, 331 U.S. 847, 67 S.Ct. 1732, 91 L.Ed. 1856, rehearing denied, 1947, 332 U.S. 786, 68 S.Ct. 34, 92 L.Ed. 369. An examination of those portions of the charge dealing with the requirement of voluntariness[1] convinces us that, though the instructions given were imperfect, they did not constitute error justifying invocation of Rule 52(b).
 
 
 8
 Simmons' next contention is that the district court erroneously admitted as to him the testimony of W. C. Buyers, III, concerning the witness's post-conspiracy conversations with the defendant Coppola. We quote the only testimony of that witness we have found which refers to Simmons and thus could prejudice him. In reference to a conversation held without the presence of Simmons, the following took place:
 
 
 9
 'Q. Mr. Buyers, you told about a conversation you had with Frank Coppola on November 26th, 1956. Do you recall that? A. Yes, sir.
 
 
 10
 'Q. You were telling what Mr. Coppola told you relative to the people involved in that robbery. I believe you named Carmen and Danny and Joe was brought in, is that right? A. Yes.'
 
 
 11
 It seems plain to us, and it must have appeared equally obvious to the jury, that 'Joe' was the defendant Joseph Simmons. We cannot, however, reverse on the basis of this, for, looked at in context, it seems 'harmless error.' Fed.Rules Cr.Proc. rule 52(a). Both before and after the challenged testimony on numberous occasions during the course of the trial, and in its charge, the district court instructed the jury that post-conspiracy admissions were not to be considered binding on codefendants who were not present when the admissions were made.[2] No doubt had Simmons so requested he could have had yet another instruction on this point when the above quoted conversation slipped into evidence. Before this reference to 'Joe,' Simmons made two objections to the testimony of the witness Buyers, one a 'continuing objection'; but he sat quietly when Buyers made the reference to 'Joe' that he now complains of.
 
 
 12
 Moreover, even if we were of the opinion that the jury was unaware of the proper treatment to be given this statement by Buyers, we would not be justified in reversing Simmons' conviction. Simmons' guilt was shown by his own admissions and by the testimony of his accomplice D'Antuono. The chances are ridiculously slight that the jury would have reached a different verdict if they had not heard this reference to 'Joe.'
 
 
 13
 The last point made by Simmons is that the district court committed reversible error when, in a claimed violation of the rule contained in Jencks v. United States, 1957, 353 U.S. 657, 77 S.Ct. 1007, 1 L.Ed.2d 1103 and in violation of 18 U.S.C. 3500, it denied defendant access to certain information. A. J. Moritz, the manager of the robbed bank, was the first witness called by the Government. On direct examination he testified concerning the events of October 2, 1956, the day of the robbery. On cross-examination Simmons brought out the fact that Moritz had talked to the FBI about those events and that the FBI had taken notes thereof. Simmons then moved to have the Government produce all written statements of the witness made to the FBI, and all of the FBI memoranda. The Government requested that a signed statement of the witness be withheld from the defendants because it did not bear upon Moritz's testimony. The court agreed and withheld that statement and, additionally, portions of the FBI notes. The remainder of the notes were given to defendant. Later the court rescinded the order with respect to the notes and made them available to the defendant in their entirety. Thus, defendant's claim of error with respect to the testimony of this witness as to the events of October 2 must center on the withheld signed statement. As required by 18 U.S.C. 3500(c) that statement had been preserved by the United States and is before us on this appeal. It clearly does not relate 'to the subject matter of the testimony of the witness.' 18 U.S.C. 3500(c). It contains only a declaration by Moritz that he had not packaged any twenty dollar bills immediately prior to the robbery and that as a rule he did not handle or package money in the course of his duties. The district court committed no error in withholding it from defendant.
 
 
 14
 Later in the trial Moritz was recalled as a government witness and testified for the first time with respect to the events occurring on October 8, 1956, six days after the robbery. Those events were the deposit on that day by Carmelo Giambra of $1,900 in twenty dollar bills and the discovery by two bank employees that one of the deposited bills was stamped with abbreviations indicating that it was packaged in the Linwood Branch on October 2, 1956. On cross-examination it was brought out that Moritz had been interrogated by Agent Jenkins of the FBI with respect to the events of October 8 and that Jenkins had taken notes of this conversation. No motion was made, however, at this time to have those notes produced; thus defendant cannot now contend that the fact that he did not then receive them constitutes reversible error. United States v. Tellier, 2 Cir., 1958, 255 F.2d 441, certiorari denied, 358 U.S. 821, 79 S.Ct. 33, 3 L.Ed.2d 62. Subsequently, during Jenkins' cross-examination, defendant Coppola made a motion to have the Government produce the notes of the Moritz conversation dealing with the events of October 8, and the motion was denied. But the denial of Coppola's motion should not give Simmons standing to complain on this appeal that the denial prejudiced him. And even if Simmons does have such a standing we would have to hold the denial proper. The notes made by Jenkins of his conversation with Moritz did not constitute a 'statement' of the witness Jenkins within the language or the meaning of 18 U.S.C. 3500 or Jencks v. United States, 1957, 353 U.S. 657, 77 S.Ct. 1007. The 'statement' is that of Moritz. If defendant intended to recall Moritz and use the Jenkins notes in a further attempt to impeach Moritz that should have been made clear to the district court when the request was made.
 
 
 15
 Simmons also contends in his brief that, though requested, a signed statement by another bank employee, Joan Trapp, and FBI notes concerning an interview with another Government witness, Mrs. Durmeyer, were not furnished to the defense. However, the record clearly shows that the Trapp statement and the entire Durmeyer notes were made available before the evidence was closed.
 
 
 16
 Defendant Millio.
 
 
 17
 The main point urged by defendant Millio is that the district court erred in admitting into evidence against him certain alleged admissions supposedly made to third persons after the date of the crime and out of the presence of Millio. The only admissions we can find which contain a reference to Millio are those of the defendant Simmons. Agent Liddy of the FBI testified on November 25, 1957 concerning oral admissions by Simmons, and at the close of this testimony Millio moved the court to instruct the jury to disregard this testimony insofar as Millio was concerned. The court denied this motion, but the next day it corrected that error by explicitly instructing the jurors that the testimony of Agent Liddy was to be considered by them solely in their determination of the guilt or innocence of defendant Simmons-- that it was not to be considered by them as bearing upon the guilt or innocence of Millio or of Coppola. A few minutes later, when the Simmons written confession obtained by Agent Eddy was read into the record, the court repeated its instruction. It even went so far as to request any juror who didn't understand the court to please raise his hand. Finally, in its charge to the jury at the close of the trial, the court twice more restated the same instruction. We think that these directions were sufficiently clear and that despite the court's original misstep it was reasonably possible for the jury to follow them. United States v. Simone, 2 Cir., 1953, 205 F.2d 480. Consequently the admission into evidence of the oral and written confessions of Simmons does not constitute reversible error. Delli Paoli v. United States, 1957, 352 U.S. 232, 77 S.Ct. 294, 1 L.Ed.2d 278.
 
 
 18
 Millio also attacks the action of the trial court for applying the provisions of 18 U.S.C. 3500 when it ruled upon questions relative to the production by the Government of statements made prior to trial by prosecution witnesses and his right to inspect such statements. The robbery occurred on October 2, 1956. The defendants were not tried until after 18 U.S.C. 3500 became law on September 2, 1957. Millio appears to claim that the statute is tiself unconstitutional, because it modifies the reach of the decision in Jencks, supra. He also maintains that its application in this trial was a prohibited ex post facto application.
 
 
 19
 There is no merit in either of these contentions. 18 U.S.C. 3500 may limit Jencks, but that does not make the statute unconstitutional. Palermo v. United States, 1959, 79 S.Ct. 1217; Rosenberg v. United States, 1959, 79 S.Ct. 1231; United States v. Spangelet, 2 Cir., 1958, 258 F.2d 338; United States v. Grunewald, D.C.S.D.N.Y.1958, 162 F.Supp. 621. And it may validly be applied during trials of defendants charged with crimes committed before its enactment. Palermo v. United States, supra; Rosenberg v. United States, supra; United States v. Papworth, D.C.N.D.Tex.1957, 156 F.Supp. 842, affirmed, 5 Cir., 1958, 256 F.2d 125, certiorari denied, 1958, 358 U.S. 854, 79 S.Ct. 85, 3 L.Ed.2d 88, rehearing denied, 1958, 358 U.S. 914, 79 S.Ct. 239, 3 L.Ed.2d 235; Bergman v. United States, 6 Cir., 1958, 253 F.2d 933; Lohman v. United States, 6 Cir., 1958, 251 F.2d 951.
 
 
 20
 Another contention, that Millio's guilt had not been demonstrated beyond a reasonable doubt, is unconvincing in view of the inclusive testimony of the accomplice D'Antuono, who after having pleaded guilty took the stand as a government witness. Clearly the court did not err in denying appellant's motion for a judgment of acquittal on that ground.
 
 
 21
 Though he did not request the charge at trial Millio now contends that the district court erred because it did not specifically instruct the jury that his guilt or innocence uas to be determined by them on the sole testimony of the accomplice D'Antuono-- i.e., that unless they accepted D'Antuono's testimony Millio could not be found guilty. We can only conjecture why the appellant maintains that the failure to charge the jury in these exact words warrants a reversal of the conviction under Rule 52, F.R.Crim.Proc. We have already pointed out that the court informed the jury that the Simmons admissions to Agents Liddy and Eddy were not competent evidnece against Millio and repeatedly instructed that post-conspiracy admissions were not binding on codefendants who were not present whne the admissions were made. And an examination of the minutes of the trial convinces us that upon on the competent evidence properly admitted against Millio the jury could well have found him guilty beyond a reasonable doubt. It may be that appellant's claim of error is based on a contention that the jury was not adequately warned of the danger of accepting accomplice testimony and relying upon it. However, we think the record shows that adequate warning was given. Moreover, if Millio is maintaining that the district court should have specifically marshaled the evidence for and against him for the benefit of the jury we need only point out that no such duty is imposed upon federal trial judges. United States v. Owens, 2 Cir., 1959, 263 F.2d 720; United States v. Cohen, 2 Cir., 1945,145 F.2d 82, certiorari denied, 1945, 323 U.S. 799, 65 S.Ct. 553, 89 L.Ed. 638.
 
 
 22
 Defendant was the driver of the escape car the robbers used. He contends that as he did not enter the bank with his fellows he should not have been convicted of having participated in the robbery. This claim is, of course, entirely without substance. See 18 U.S.C. 2.
 
 
 23
 The conviction of Coppola is reversed and the cause remanded as to him. The convictions of Simmons and Millio are affirmed.
 
 
 24
 Separtate statemetn of MOORE, Circuit Judge.
 
 
 25
 I concur in the affirmance of the convictions of Simmons and Millio. I dissent from the reversal of the conviction of Coppola. My dissenting opinion will be filed later.[3]
 
 
 26
 On Petition for En Banc Rehearing with Respect to Defendant Coppola
 
 
 27
 James W. Knapp. Staff Asst., Department of Justice, Washington, D.C. (John O. Henderson, U.S. Atty., Western District of New York, Buffalo, N.Y. Leo J. Fallon, Sp. Asst. U.S. Atty., Western District of New York, Buffalo, N.Y., on the brief), for plaintiff-appellee.
 
 
 28
 William B. Mahoney, Buffalo, N.Y., for defendant-appellant.
 
 
 29
 Before LUMBARD, Chief Judge, and CLARK, WATERMAN, MOORE and FRIENDLY, Circuit Judges.
 
 
 30
 MOORE, Circuit Judge.
 
 
 31
 Since we have concluded this day (see United States v. Coppola, 2 Cir., 281 F.2d 340, No. 25177), that there was no error in the receipt in evidence of Coppola's admissions, and since the other issues raised by Coppola's appeal are identical to those treated by Judge Waterman in his opinion affirming the convictions of Joseph Simmons and James Millio (see opinion in The United States of America v. Joseph Simmons, a/k/a Joseph Synakowski, James Millio and Frank R. Coppola, 2 Cir., 1959, 281 F.2d 354, No. 25257), the judgment of conviction of Frank R. Coppola is affirmed.
 
 
 32
 CLARK and WATERMAN, Circuit Judges, dissent. See dissenting opinion in United States v. Coppola, 2 Cir., 281 F.2d 345, No. 25177.
 
 
 
 [1]
 In its charge to the jury the district court said:
 '(The Government contends) that Simmons' admissions made by him voluntarily, without intimidation, without coercion * * * are sufficient, with the corroborating evidence, to connect him with a commission of this crime beyond reasonable doubt. * * * The defendants contend, through their counsel, that any confessions given or any admissions made were a result of such a set of circumstances as to constitute an involuntary act on the part of each defendant, and should be disregarded. When such a conflict of testimony occurs, we ask of our citizens that sit in a jury box * * * to give a fair and thorough consideration to the evidence offered, to the law as applied, and let their verdict follow accordingly.'
 'We have another matter which has been the subject of some argument and that is the question of the weight to be given confessions or admissions. I think I can best express it in this language: A confession is an admission by a defendant of the facts constituting the crime charged. A statement less than an admission of all of the facts charged would be a partial confession. But the same rule applies to each. The very nature of a confession requires that the circumstances surrounding it be subject to careful scrutiny in order to determine whether it was voluntarily made.'
 'I have so charged about three times, but I charge again each confession or statement, if you find a voluntary statement, is evidence only as to that purpose.'
 
 
 [2]
 See pages 327, 330, 766-67, 774, 822, 922, 1003 and 1010 of the record. The quoted testimony occurs on page 557
 
 
 [3]
 Judge Moore dissented but did not file his dissenting opinion in view of the grant of an in banc hearing and the result reached therein