Augustus **BOWSER**, Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 17445.

United States Court of Appeals District of Columbia Circuit.

Argued March 12, 1963.

Decided April 18, 1963.

Mr. Harold David Cohen, Washington, D. C. (appointed by this court), for appellant.

Mr. Barry I. Fredericks, Asst. U. S. Atty., with whom Messrs. David C. Acheson, U. S. Atty., and Frank Q. Nebeker, Asst. U. S. Atty., were on the brief, for appellee.

Before FAHY, WASHINGTON and DANAHER, Circuit Judges.

DANAHER, Circuit Judge.

Appellant and a co-defendant, Ross, were convicted[1] of housebreaking and larceny. At trial, the attorney who represented Ross asked for the production of certain notes. The judge said to

1. Ross did not appeal.

the witness, an officer, "I'll give the counsel whatever you wrote down," and copies of such notes as had been prepared were made available. The judge afforded counsel an opportunity to examine them.

Appellant's trial counsel (not his present attorney), did not join [2] in the Ross request. It is now contended that somehow the judge erred in not more specifically inquiring into the possible bearing of the notes on this appellant's case. We find the contention without merit, for there is no showing that there were in existence and not produced any statements coming within the Jencks Act.[3]

■ Appellant further contends that the trial court erred in failing to order the production of a transcript of testimony given before the grand jury by a juvenile. The latter was said to have been implicated in the offense and had been called as a witness by the Government. There was no showing that the testimony of the juvenile at trial was inconsistent with whatever he may have said before the grand jury, a summary of the notes of which was tendered to counsel for Ross. Ross made no effort to show a "particularized need" for the production of the minutes.[4] Appellant's trial attorney did not join in the Ross motion.

In any event, we find no basis for a conclusion that the trial judge abused his discretion [5] in refusing to order production of the grand jury minutes.

Affirmed.

FAHY, Circuit Judge (concurring in result).

I concur in affirmance and in the opinion in its treatment of the point about the grand jury minutes. As to the problem involving the Jencks Act I add a few words. It is an open question in my mind whether a defendant is necessarily precluded on appeal from relying on the Jencks Act if he did not expressly associate himself in the matter when his co-defendant invoked the Act at the trial. Cf. United States v. Simmons, 281 F.2d 354 (2d Cir. 1960). In the present case, however, appellant was so indifferent to the matter when it was raised several times by his co-defendant, each time failing to associate himself with the position taken by his co-defendant, that I do not think he can now complain of the result.

**2.** So far as the record discloses, he may have discovered the "notes" to be anything but helpful to this appellant.

**3.** 18 U.S.C. § 3500; and see Saunders v. United States, 114 U.S.App.D.C. 345, 316 F.2d 346; Hilliard v. United States, 115 U.S. App.D.C. ——, 317 F.2d 150; Harrison v. United States, 115 U.S.App.D.C. ——, 318 F.2d 220.

**4.** Jackson v. United States, 111 U.S.App. D.C. 353, 355, 297 F.2d 195, 197 (1961).

