William J. DRISCOLL, Defendant,
Appellant,

v.

UNITED STATES of America,
Appellee.

Edward A. VANASSE, Defendant,
Appellant,

v.

UNITED STATES of America,
Appellee.

Nos. 6845, 6846.

United States Court of Appeals
First Circuit.

Submitted May 1, 1967.

Decided May 5, 1967.

Maurice H. Baitler, West Springfield, Mass., on briefs for appellants, by appointment by the Court.

Paul F. Markham, U. S. Atty., and Edward F. Harrington, Asst. U. S. Atty., on brief, for appellee.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

PER CURIAM.

Defendants were each convicted of multiple violations of 26 U.S.C. § 7206(2), which prohibits knowingly assisting in the preparation of false and fraudulent individual income tax returns. They appeal on the ground that the jury instructions were improper in several respects.

Defendants complain, first, of the court's refusal to instruct that "a preparer of a tax return is not responsible for the truth and accuracy of the information furnished by the taxpayer." If this instruction meant, as it might seem to mean, that a tax adviser may allow submission of statements known to him to be false if they were supplied by the taxpayer, it was wholly incorrect. If it merely meant that the burden was upon the government to prove that defendants knew that the returns were false, the court fully gave such an instruction.

Defendants next contend that it was error to refuse to instruct that in determining wilfulness the jury should take into account certain cooperative acts of the defendants. Wilfulness is a question of fact for the jury, to be determined upon all of the evidence. While the court may comment on the evidence, it was entirely proper to refuse to tell the jury that it "should" consider particular, fragmented, parts of the testimony. This is especially true where the selected evidence was of marginal value, at best.

Finally, defendants assert that the tone of the charge was prejudicial, and in particular that the court used the term "guilty" sixteen times and the term "not guilty" only five times. Defendants took no such exceptions to the charge at the time. Even if they had, we find the charge entirely fair and impartial.

Affirmed.