**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Archie J. JACKSON, Defendant-
Appellant.**

**No. 18798.**

United States Court of Appeals,
Seventh Circuit.

Oct. 20, 1971.

Rehearing Denied Nov. 4, 1971.

Louis V. Kiefor, Calumet City, Ill., for defendant-appellant.

William J. Bauer, U. S. Atty., Donald C. Shine, Asst. U. S. Atty., Chicago, Ill., John Peter Lulinski, Jeffrey Cole, Asst. U. S. Attys., for plaintiff-appellee.

Before HASTINGS, Senior Circuit Judge, KERNER and SPRECHER, Circuit Judges.

PER CURIAM.

Following a trial by jury, defendant Archie J. Jackson was found guilty on each of ten counts of an indictment charging him with willfully and knowingly aiding and assisting taxpayers in the preparation and presentation of fraudulent federal income tax returns in violation of Title 26, U.S.C.A. § 7206(a), Internal Revenue Code of 1954.[1] Upon a judgment of conviction, defendant was sentenced to serve eighteen months on each count, the sentences to run concurrently with each other. He has been represented on appeal by court-appointed counsel. Defendant appeals. We affirm.

Each count of the indictment charged that the tax return involved falsely rep-

---

[1] "§ 7206. Fraud and false statements
Any person who—

\*　　\*　　\*　　\*　　\*

(2) Aid or assistance.—Willfully aids or assists in, or procures, counsels, or advises the preparation or presentation under, or in connection with any matter arising under, the internal revenue laws, of a return, affidavit, claim, or other document, which is fraudulent or is false as to any material matter, whether or not such falsity or fraud is with the knowledge or consent of the person authorized or required to present such return, affidavit, claim, or document; or

\*　　\*　　\*　　\*　　\*

shall be guilty of a felony and, upon conviction thereof, shall be fined not more than $5,000, or imprisoned not more than 3 years, or both, together with the costs of prosecution. Aug. 16, 1954, c. 736, 68A Stat. 852."

resented that the taxpayer named therein was entitled to itemized deductions and exemptions in amounts in excess of his proper entitlements. At trial, twelve taxpayer witnesses testified they went to defendant and paid him a fee to prepare their tax returns for the year 1965 as he had done for some in prior years. Each further testified that he had signed his tax return, acknowledging he had read it, when in fact he had not read it. Typical of such testimony was that of taxpayer Killgrove who told defendant he had nothing to claim except "myself and my union dues." However, his tax return contained medical deductions of $470, charitable deductions of $175, special work clothes costing $150, interest expense of $410, and gasoline taxes of $120 when he did not own or drive an automobile. All such deductions were fictitiously supplied by defendant who told taxpayer he would receive a refund.

*Prior to trial* defendant moved for the production of statements of Government witnesses which was denied by the trial court. *Pretrial discovery* of such statements is expressly precluded by the provisions of the so-called Jencks Act, Title 18, U.S.C.A. § 3500(a)[2], with provision for *post-direct examination production* in subsection (b)[3]. Defendant's counsel was furnished with the requested statements *prior to* the direct examination of each such witness.

On appeal, defendant makes no claim that the judgment of conviction is not sustained by sufficient evidence. Defendant seeks to overturn his conviction on strained constitutional grounds which do not withstand close scrutiny.

Defendant first asserts that Section 3500, *supra,* is unconstitutional in that the denial of pretrial production of statements of Government witnesses deprived him of the right of confrontation secured by Sixth Amendment of the Federal Constitution. This claim is without merit.

The record shows that the subject income tax returns were made available to defendant's trial counsel more than two months prior to trial and that the false entries were pointed out to him. Further, the recess provisions for post-direct examination of producible statements under Section 3500(c)[4] of the Jencks Act alleviates any prejudice that defendant might suffer from denial of earlier production.

Defendant next asserts deprival of due process guaranteed him by the Fifth Amendment of the Federal Constitution. This strange contention that the trial court abused its discretion under the Jencks Act by allowing production of

2. "§ 3500. Demands for production of statements and reports of witnesses

(a) In any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) to an agent of the Government shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case."

3. "(b) After a witness called by the United States has testified on direct examination, the court shall, on motion of the defendant, order the United States to produce any statement (as hereinafter defined) of the witness in the possession of the United States which relates to the subject matter as to which the witness has testified. If the entire contents of any such statement relate to the subject matter of the testimony of the witness, the court shall order it to be delivered directly to the defendant for his examination and use."

4. § 3500

"(c) * * * Whenever any statement is delivered to a defendant pursuant to this section, the court in its discretion, upon application of said defendant, may recess proceedings in the trial for such time as it may determine to be reasonably required for the examination of such statement by said defendant and his preparation for its use in the trial."

the statements in question immediately *before* direct examination, but not before trial, is frivolous. As above stated, such production under the Act is required only *after* direct examination. Defendant may not be heard to complain that he was given more favorable treatment than the Act itself required.

Finally, the constitutional validity of the Jencks Act has been upheld by the Supreme Court and lower courts in a wide variety of cases among which we need only cite Palermo v. United States, 360 U.S. 343, 79 S.Ct. 1217, 3 L.Ed.2d 1287 (1959); Scales v. United States, 367 U.S. 203, 81 S.Ct. 1469,. 6 L.Ed.2d 782 (1961); United States v. De Lucia, 7 Cir., 262 F.2d 610 (1959), cert. denied, 359 U.S. 1000, 79 S.Ct. 1136, 3 L. Ed.2d 1029; United States v. Simmons, 2 Cir., 281 F.2d 354 (1960); Peek v. United States, 9 Cir., 321 F.2d 934 (1963), cert. denied, 376 U.S. 954, 84 S. Ct. 973, 11 L.Ed.2d 973 (1964).

As best we can divine defendant's final constitutional objection, he contends he has been denied due process because his prosecution under Section 7206(a), *supra,* is unfair. He argues this is so because his prosecution depends upon the testimony of a taxpayer who may escape criminal liability by maintaining lack of knowledge of the false claims in the tax returns. The obvious purpose of the Act is to make it a crime for one to knowingly assist another in preparation and presentation of a false and fraudulent income tax return. The innocence or guilty knowledge of a taxpayer is irrelevant to such a prosecution. *See, e. g.,* United States v. Haimowitz, 2 Cir., 404 F.2d 38 (1968); United States v. Gisehaltz, D.C.S.D.N.Y., 278 F.Supp. 434, 438 (1967). *Cf.* Driscoll v. United States, 1 Cir., 376 F.2d 254 (1967); Strangway v. United States, 9 Cir., 312 F.2d 283, 286 (1963).

For the foregoing reasons, the judgment of conviction appealed from is affirmed.

Affirmed.